[Civ. No. 5863. First Appellate District, Division One.—July 29, 1927.]

ROBERT PAYNE, Petitioner, v. INDUSTRIAL AC-CIDENT COMMISSION and J. A. McCULLOUGH, Respondents.

A. P. Hayne and Nutter, Hancock & Rutherford for Petitioner.

G. C. Faulkner and Gordon S. Keith for Respondents.

CASHIN, J.—A proceeding in *certiorari* to review an award made by the Industrial Accident Commission to respondent J. A. McCullough.

The petitioner was the proprietor of a barber-shop in the city of Stockton, and respondent McCullough at the time of the injury for which he sought compensation was conducting a bootblack-stand on the premises occupied by petitioner. Respondent paid no rental for the privilege of conducting the stand, but in lieu thereof rendered services to petitioner as a porter in the latter's shop. It appears from the testimony that it was respondent's duty to sweep the shop in the morning and evening and on Sundays in addition to the sweeping to clean the mirrors and other articles therein. Respondent on Sunday, June 13, 1926, while engaged in removing certain linoleum from the floor of the shop received an injury which resulted in a partial loss of his sight.

The Commission found that respondent was in the employ of petitioner, that the injury occurred in the course and arose out of the employment, and awarded compensation. Petitioner contends that the evidence does not support the findings and that consequently the action of the Commission was without and in excess of its jurisdiction.

The testimony shows that on the morning of the accident both petitioner and respondent were present at the shop and that the latter was told by petitioner that it was his intention to remove the linoleum. During the temporary absence of petitioner the work was commenced by respondent and was conducted by both when petitioner returned, the injury occurring during the absence of the latter. Respondent testified that he was not expressly requested to do or to assist in the doing of the work, and that the service was rendered as an accommodation to petitioner.

The court, in reviewing awards of the Commission, is not acting as a court of appeal (*Southern Pacific Co.* v. *Industrial Acc. Com.*, 177 Cal. 378 [170 Pac. 822]), and is without power to determine the weight to be given the evidence (*Dearborn* v. *Industrial Acc. Com.*, 187 Cal. 591–594 [203 Pac. 112]), or which of two opposing inferences should be drawn therefrom (*Western Pacific R. R. Co.* v. *Industrial Acc. Com.*, 193 Cal. 413 [224 Pac. 754]). Moreover, it is not necessary that the findings in its judgment shall accord

with the preponderance of the evidence (*San Francisco* v. *Industrial Acc. Com.*, 183 Cal. 273–282 [191 Pac. 26]), and unless it can be said that there was no evidence reasonably sufficient to support the findings the award must be affirmed. (*Engels Copper etc. Co.* v. *Industrial Acc. Com.*, 183 Cal. 714 [11 A. L. R. 785, 192 Pac. 845].)

As provided by section 8 (b) of the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 831), "any person rendering service for another, other than as an independent contractor, or as expressly excluded herein, is presumed to be an employee within the meaning of this act."

While an injury suffered by an employee while voluntarily doing something entirely outside of his employment, even though of benefit to the employer, is not an injury in the course of the employment (*Engels Copper etc. Co.* v. *Industrial Acc. Com.*, supra), acts incidental to his regular duties, if of benefit to the employer and not personal to the employee, are within the scope of his employment (*Myers* v. *Industrial Acc. Com.*, 191 Cal. 673 [218 Pac. 11]) ; and, as held by the Commission in *Crawford* v. *Jones Investment Co.*, 4 Cal. I. A. C. 180, even though an employee is acting at his own suggestion, the duty may be in the course of his employment where it is connected therewith and is performed with the knowledge and acquiescence of his employer.

In the present case the testimony sufficiently shows that the service was incidental to the regular duties of the employee, also of benefit to the employer, and as in the case of *Martin* v. *Guiberson*, 9 Cal. I. A. C. 82, wherein a writ of review was denied by our supreme court, a request that the service be performed might reasonably be implied from the conduct of the employer. This evidence was sufficient to support the findings and the award is therefore affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 26, 1927, and a petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 27, 1927.