[Civ. No. 681.   Fifth Dist.   Nov. 14, 1966.]

OTTO BURGDORF, Plaintiff and Appellant, v. ELVIN L. FUNDER, Defendant and Respondent.

.. Otto Burgdorf, in pro. per., for Plaintiff and Appellant.

McGregor, Bullen & Erich and William C. McKinley for Defendant and Respondent.

GARGANO, J.—Plaintiff appeals from a judgment of dismissal entered in favor of defendant after his motion for judgment on the pleadings was granted. The undisputed facts, as established by the pleadings, are substantially as follows:

The plaintiff, who is a rancher, filed a claim with the State Controller, Division of Tax Collection and Refund, for the refund of gasoline taxes which he had paid for fuel used during the period from October 2, 1962, through May 30, 1963. In his claim plaintiff stated under oath that the fuel had been used for farming purposes. The plaintiff did not have invoices, receipts or other documentary evidence in support of his claim so an audit was ordered and ultimately conducted. As a result

of this audit, plaintiff was advised by letter written by the defendant, as chief of the Division of Tax Collection and Refund, dated September 13, 1963, that his claim was excessive. This is the letter which plaintiff claims is libelous. His complaint, which was filed on August 5, 1964, alleges in substance that the letter accuses him of perjury and that it was filed in the ''official files of the Division of Tax Collection and Refund and in this way exposed to public view and became a public document.'' The letter, however, which is attached to the complaint and made a part thereof by reference, is not couched in slanderous terms, and it does not accuse the plaintiff of having committed perjury, as plaintiff alleges. It advises plaintiff that the audit had disclosed that he had not maintained records of his fuel usage as a basis for filing his claim; that it was necessary for the auditor, with plaintiff's assistance, to develop in detail plaintiff's tax usage for the period involved; that claims previously paid covering earlier periods had been analyzed; and that by applying the same taxable usage to these periods as was developed for the period involved it was disclosed that excessive refunds had also been made in the past. The defendant filed an answer denying the material allegations of the plaintiff's complaint, and thereafter moved for judgment on the pleadings and the motion was granted.

We find it difficult to conclude that the letter written by the defendant was libelous per se, and that plaintiff has stated a cause of action against defendant for damages for libel. The letter which was written by the defendant and which is an integral part of the complaint does not accuse the plaintiff of intentionally supplying false information, nor does it accuse him of misstating the facts. At best, it disputes the method used by the plaintiff in arriving at his fuel usage, which was not supported by invoices or other records (a fact admitted by plaintiff), and informs him that according to the auditor's analysis his claim was excessive. It is not, however, necessary to decide this question in this appeal for the trial court apparently arrived at its decision on other grounds, viz., (1) that the complaint fails to state a cause of action in that it fails to allege that the plaintiff presented a claim to the public entity which had been rejected, and (2) that defendant is shielded by statutory immunity. We will consider each of these grounds separately.

(1) Plaintiff does not contend that his failure to present a

claim to the public entity was inadvertent[1] and he does not, nor can he, assert lack of knowledge on his part as to the defendant's employment status.[2] He admits that he did not present a claim to the public entity and maintains without specifying his exact reasons that the claim provisions of the Government Code relating to public employees are inapplicable. With this contention we do not agree.

Prior to 1963 it was the well established law of this state that a complaint against a public employee did not state a cause of action if it did not allege compliance with the applicable claim provisions of the Government Code. (*Veriddo* v. *Renaud,* 35 Cal.2d 263 [217 P.2d 647] ; *Kitchen* v. *Delafield,* 221 Cal.App.2d 114 [34 Cal.Rptr. 288] ; *Illerbrun* v. *Conrad,* 216 Cal.App.2d 521 [31 Cal.Rptr. 27] ; and *Bossert* v. *Stokes,* 179 Cal.App.2d 457 [3 Cal.Rptr. 884].) It was also well established, however, that this requirement was limited to claims based on negligence, and did not include intentional torts. In *Hurd* v. *Paquin,* 229 Cal.App.2d 634, 637 [40 Cal.Rptr. 524], the court in discussing the former Government Code sections[3] had this to say: "The appellate courts have held with uniformity that the omission of any mention of wilful torts meant that no claim need be filed in such instances."

During its 1963 session, after a series of amendments and revisions, the Legislature repealed the existing sections of the Government Code and adopted division 3.6 commencing with section 810 entitled "Claims and Actions Against Public Entities and Public Employees."[4] The sections of this division which are pertinent to this appeal are sections 810.8, 811.2, 811.4, 911.2, 950.2 and 950.6.

Section 811.2 defines the public entity and in its definition includes the State of California. Section 811.4 defines public employee to mean any employee of a public entity.

Section 810.8 reads: " 'Injury' means death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person."

---

[1]Government Code, section 911.4, which prescribes the procedure for filing late claims.

[2]See Government Code, section 950.4.

[3]Government Code, sections 1981, 2003, 801 and 803.

[4]These revisions, particularly those dealing with actions against public entities and employees are substantially the same as recommended by the California Law Revision Commission. (See 4 Cal. Law Revision Com. Rep. 1041.)

Section 911.2 reads: ''A claim relating to a cause of action for death or for injury to person . . . shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than the 100th day after the accrual of the cause of action. . . .''

Section 950.2 reads: ''. . . a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this Division or under Chapter 2 (commencing with Section 945) of Part 4 of this division. This section is applicable even though the public entity is immune from liability for the injury.''

Section 950.6 reads: ''When a written claim for money or damages has been presented to the employing public entity: (a) A cause of action for such injury may not be maintained against the public employee . . . until the claim has been rejected, or has been deemed to have been rejected, in whole or in part, by the public entity. . . .''

Section 950.2 applies to all public employees, including the defendant. The provision makes it clear that when such an employee is sued for an act or omission in the scope of his employment, said action is barred by the failure to present a claim to the employing public entity (in this case the state). This is true even where the public entity itself is immune from liability. Moreover, the language of this section which provides that the cause of action is barred, and the language of section 950.6 which provides that a cause of action may not be maintained until the claim has been rejected, also make it clear that the principle enunciated in *Veriddo* v. *Renaud,* 35 Cal.2d 263 [217 P.2d 647], is still applicable, and thus a plaintiff must still allege in his complaint that he has complied with the claim statute in order to state a cause of action against a public employee.

Finally, the phrasing of section 950.2—''. . . a cause of action against a public employee . . . for injury . . . is barred . . .''— and of section 810.8—'' 'Injury' means . . . any injury that a person may suffer to his person, reputation, character, feelings or estate . . .''—contrasts sharply with the language of the former sections of the Government Code which carefully confined the right of recovery to damages caused by negligence or carelessness and makes it clear that the distinction between claims based on negligence and inten-

448

tional torts has been eliminated.[5]

Plaintiff also argues that the defendant was not acting in the course and scope of his employment when he wrote the letter of September 13th. This argument is entirely without merit.

Succinctly stated, an employee is acting in the course and scope of his employment when he is engaged in work he was employed to perform (Rest., Agency, 228-229, 235; *Kish* v. *California State Auto. Assn.*, 190 Cal. 246 [212 P. 27]), or when the act is an incident to his duty and was performed for the benefit of his employer and not to serve his own purposes or convenience. As stated in *Payne* v. *Industrial Acc. Com.*, 84 Cal.App. 657, 660 [258 P. 620]: ". . . acts incidental to his regular duties, if of benefit to the employer and not personal to the employee, are within the scope of his employment . . ."

It was the defendant's duty, as chief of the Division of Tax Collection and Refund, and obviously an incident of his employment, to review and pass on claims for tax refunds, and to reject claims which he believed to be excessive or unsupported by reliable evidence. Defendant's letter, therefore, was written in the course and scope of his employment, and plaintiff's failure to allege compliance with section 911.2 is fatal to his cause of action.

(2) Defendant, in further support of the judgment, contends that in any event he is shielded by governmental immunity under Government Code section 820.2. This section provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him *whether or not* such discretion is abused." (Italics added.)

With this contention we also agree.

Governmental immunity for liability for discretionary acts performed by public officers and employees in the exercise of their discretion has long been recognized in this state by judicial interpretation and is based on salutary public policy. In *Lipman* v. *Brisbane Elementary School Dist.*, 55 Cal.2d 224, 229 [11 Cal.Rptr. 97, 359 P.2d 465], our Supreme Court stated: ". . . Because of important policy considerations, the

---

[5]See *Hurd* v. *Paquin, supra,* for a similar analysis; see also Comments of the California Law Revision Commission, Vol. 4, p. 1047; see also underlying reasons for the statutory charge, 3 Cal. Law Revision Com. Rep. H-18.

rule has become established that government officials are not personally liable for their discretionary acts within the scope of their authority even though it is alleged that their conduct was malicious. . . .''

Generally speaking, a discretionary act is one which requires the exercise of judgment or choice. Discretion has also been defined as meaning equitable decision of what is just and proper under the circumstances. (27 C.J.S. 289) It is not, however, possible to set forth a definitive rule which will resolve every case, and other factors must also be considered as, for example, the importance to the public of the function involved. (*Lipman* v. *Brisbane, supra.*)

It is reasonably apparent from the pleadings that the defendant, as chief of the Division of Tax Collection and Refund, exercised his judgment in passing on the plaintiff's claim, and was exercising his discretion when he advised the plaintiff that the claim as submitted was excessive and that the audit indicated that overpayments had also been made in the past. It is equally apparent that the collection and refund of taxes is an important function in which the public is vitally concerned. The defendant, therefore, in the exercise of his judgment, was protected by governmental immunity and this would be true even if he had exercised poor judgment or abused his discretion.

For the foregoing reasons, the judgment is affirmed.

Conley, P. J., and Stone, J., concurred.

A petition for a rehearing was denied December 12, 1966, and appellant's petition for a hearing by the Supreme Court was denied January 18, 1967.