[Civ. No. 19111. Fourth Dist., Div. Two. Jan. 13, 1978.]

GEORGE WHEELER, Plaintiff and Appellant, v.
COUNTY OF SAN BERNARDINO, Defendant and Respondent.

## Counsel

McGuire & Hardy and Timothy L. Taggart for Plaintiff and Appellant.

Bruggeman & Smith and S. Robert Walder for Defendant and Respondent.

## Opinion

**THE COURT.**—Plaintiff appeals from a judgment of dismissal in favor of defendant County of San Bernardino. ██ The judgment was entered after the county's demurrer to plaintiff's second amended complaint was sustained without leave to amend.[1] The issues raised concern the Tort Claims Act (Gov. Code, § 900 et seq.) and governmental immunity for discretionary acts.

The second amended complaint alleges that plaintiff owns real property in San Bernardino County having common boundaries with property owned by Tom Haarala, Ken Haarala, and Howard O. Stocker. Plaintiff, Stocker, and the Haaralas contracted with Krueper Engineering and Associates (Krueper) to survey and stake out the boundaries of their property.[2] On March 21, 1975, the survey was performed. On November 19, 1975, the survey was recorded in the county records. Plaintiff alleged that the survey was inaccurate and that the county surveyor and employees within the office of the county surveyor (who were named Doe defendants) conspired with Krueper by recording the survey which they knew, or should have known, was inaccurate. Plaintiff requested special damages in the amount of $3,000, alleged to be the cost of a new survey, general damages according to proof, and a writ of mandate commanding the county and its employees to remove the survey from the county records.

At this point it would be well to describe briefly the operation of the Tort Claims Act. The Tort Claims Act prescribes the manner in which public entities may be sued. Before suit may be brought, with few

---

[1]Plaintiff purportedly appeals from the orders sustaining demurrers to the first and second amended complaints, as well as from the judgment. An order sustaining a demurrer, with or without leave to amend, is not appealable. (*Weiss* v. *Marcus,* 51 Cal.App.3d 590, 594, fn. 1 [124 Cal.Rptr. 297].)

[2] The complaint did not name Krueper, Stocker, or the Haaralas as defendants.

exceptions, a claim must be presented to the public entity. (Gov. Code, § 945.4.) If the claim is for injury "to person or to personal property or growing crops," the claim must be presented within 100 days after the accrual of the cause of action; if the claim is for injury of any other sort, it must be presented within one year after the accrual of the cause of action. (Gov. Code, § 911.2.) When a timely claim is filed, the governmental entity has 45 days to grant or deny the claim; if a claim is not acted upon within that time, it is deemed rejected. (Gov. Code, § 912.4.) If the entity gives written notice of rejection of the claim, suit must be brought not later than six months after the notice was given. (Gov. Code, § 945.6.) If written notice is not given, however, the claimant is allowed two years from the accrual of the cause of action to file suit. (*Ibid.*)

On March 12, 1976, plaintiff petitioned the county for leave to file a late claim. (See Gov. Code, § 911.4.) The application included a copy of the proposed claim and declarations by plaintiff and his attorney attempting to justify the failure to file the claim within 100 days after the recording of the survey. The county sent plaintiff notice that it denied the application for leave to present a late claim on April 5, 1976, on the ground that no adequate excuse for late presentation was stated.

On September 14, 1976, plaintiff in superior court filed a "petition for order allowing filing of action without complying with Government Code sec. 911.4." (See Gov. Code, § 946.6.) The petition was denied. Although the record does not reflect the reason for the denial, plaintiff asserts that the judge stated the one-year rather than the hundred-day claim presentation period applied and therefore the time had not expired.

On November 12, 1976, plaintiff filed a complaint for damages against the county. The complaint contained no allegation of compliance with the Tort Claims Act. The county's demurrer on this ground was sustained with leave to amend.

On February 1, 1977, plaintiff filed a first amended complaint for damages, alleging the facts stated above concerning the application to the county for leave to file a late claim and its denial by the county. The county again demurred, arguing: (1) the claim presentation period was one hundred days rather than one year, and (2) even if the one-year period applied, plaintiff's application for leave to file a late claim did not

satisfy the claim presentation requirement. This demurrer was also sustained with leave to amend.

Plaintiff's second amended complaint included a petition for writ of mandate, but was otherwise unchanged. The allegations concerning compliance with the Tort Claims Act were identical to those in the first amended complaint. The county again demurred, raising the same two points concerning the Tort Claims Act, and also arguing that the county was immune from liability for the discretionary acts of its employees. ██ This demurrer was sustained without leave to amend and this appeal followed.[3]

On appeal, plaintiff contends: (1) the claim presentation period was one year rather than one hundred days; (2) the application for leave to file a late claim satisfied the claim presentation requirement; (3) the county is not immune; and (4) mandate is a proper remedy. In the reply brief, the county raises one new point. Assuming the one-year period applies, and assuming a claim was presented, did plaintiff thereafter file suit within the time required?

Fairly read, plaintiff's complaint states a cause of action for damage to real property. The essential allegations are that the county is somehow responsible for the recording of a survey which shows plaintiff's property to be smaller than it really is. The recorded survey is therefore a cloud upon plaintiff's title which must be removed.

██ A cause of action for injury to real property is subject to the one-year rather than the hundred-day claim presentation period. (*Voth* v. *Wasco Public Utility Dist.*, 56 Cal.App.3d 353, 356 [128 Cal.Rptr. 608]; see *Amador Valley Investors* v. *City of Livermore*, 43 Cal.App.3d 483, 489 [117 Cal.Rptr. 749]; *Mosesian* v. *Fresno County*, 28 Cal.App.3d 493, 495 [104 Cal.Rptr. 655].) Accordingly, the one-year period applies.

We find no merit in the county's contention that the action is for injury to personal property because money damages are sought. The right sued

---

[3]No grounds were stated for the ruling on the demurrer to the second amended complaint, a technical violation of Code of Civil Procedure section 472d. It must be considered harmless error, however, absent a demonstration of prejudice to plaintiff. (*Banerian* v. *O'Malley*, 42 Cal.App.3d 604, 610 [116 Cal.Rptr. 919].) The requirement of stated grounds is very useful as a guide when plaintiff wishes and is able to amend the complaint, but on appeal its importance is minimal since the ruling will be upheld on any sufficient ground, whether relied on by the court below or not. (See *D'Amico* v. *Board of Medical Examiners*, 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].)

upon, and not the form of relief requested, determines the nature of the action. (*Jefferson* v. *J. E. French Co.,* 54 Cal.2d 717, 718, [7 Cal.Rptr. 899, 355 P.2d 643].)

■ Concerning the manner in which the claim was presented, the test to be applied is one of substantial compliance. (*Sheeley* v. *City of Santa Clara,* 215 Cal.App.2d 83, 85 [30 Cal.Rptr. 121].) As this court has stated: "The purpose of the claims statute is to permit the public entity to make an early investigation of the facts and to enable it to decide whether the problem calls for litigation or settlement. . . . [¶] If the requisite information is in fact given, it is not essential that it be given with the intention of complying with the claims statute. [Citation.]" (*Myers* v. *County of Orange,* 6 Cal.App.3d 626, 637 [86 Cal.Rptr. 198]; see also *Elias* v. *County of San Bernardino,* 68 Cal.App.3d 70, 74-75 [135 Cal.Rptr. 621]; *Jamison* v. *State of California,* 31 Cal.App.3d 513, 518 [107 Cal.Rptr. 496].)

In the case at bench, plaintiff presented the county with a claim, attached to the request for leave to file a late claim, within the one-year period. The county has never questioned the adequacy of the contents of the claim. The manner of its presentation was sufficient to put the county on notice of plaintiff's intentions and contentions. Based on the authorities cited in the preceding paragraph, we conclude that plaintiff satisfied the claim presentation requirement. Given the contents of the claim and the legal resources available to the county, the county should have realized the presentation of the claim was timely.

■ As previously mentioned, suit against a governmental entity must be commenced within six months after the governmental entity gives notice of rejection of claim, or within two years after the cause of action accrues if no notice of rejection of claim is given. (Gov. Code, § 945.6.) The county contends that its notice of April 14, 1976, was a notice of rejection of claim and consequently the plaintiff's action, filed on November 12, 1976, was untimely.

The notice of April 14, 1976, was on a form evidently designed for use in denying claims. However, the form was filled out in such manner as to clearly indicate that the county was not ruling on the claim, but was denying leave to present a late claim. In relevant part, the notice stated: "Notice is hereby given that the application to file a late claim which you presented to the County of San Bernardino on March 12, 1976, in the amount of $7,500, was denied on April 5, 1976, as the facts were

inadequate to justify the late filing date." It is readily apparent that this notice was not intended to be a rejection of the claim.

■ Throughout this litigation, the county has taken the position that no claim was ever presented. Under the mistaken belief that the 100-day claim presentation period applied, which mistaken belief the county fostered and encouraged, plaintiff filed a petition in superior court for relief from the claim presentation requirement (Gov. Code, § 946.6) on September 14, 1976, well within the 6-month period. If the county had acknowledged the claim as having been timely presented and sent a notice expressly rejecting the claim, we have no reason to doubt that suit would have been filed within six months. Thus, even if the county's notice be construed as a notice of rejection of claim, which we do not believe it can be, the county would be estopped from relying on it. (*Potstada* v. *City of Oakland,* 30 Cal.App.3d 1022, 1028-1029 [106 Cal.Rptr. 705].)

■ Next, the county contends it is immune from any liability based on the act of the county surveyor in approving the Krueper survey. The contention is grounded on Government Code section 820.2, which provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

■ At one time, the scope of the immunity conferred by Government Code section 820.2 was considered to be quite broad, covering any act requiring the exercise of judgment or choice, or any decision based on considerations of equity or justice. (See *Burgdorf* v. *Funder,* 246 Cal.App.2d 443, 449 [54 Cal.Rptr. 805].) However, the Supreme Court in *Johnson* v. *State of California,* 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352], defined the term "discretionary acts" more narrowly. According to *Johnson,* immunity attaches only to basic policy decisions, involving conscious balancing of risks and advantages, activity which may be characterized as the planning rather than the operational level of decision making. (*Johnson* v. *State of California, supra,* at pp. 793-794. See also *Sanborn* v. *Chronicle Pub. Co.,* 18 Cal.3d 406, 414-415 [134 Cal.Rptr. 402, 556 P.2d 764]; *Tarasoff* v. *Regents of University of California,* 17 Cal.3d 425, 445 [131 Cal.Rptr. 14, 551 P.2d 334]; *Elton* v. *County of Orange,* 3 Cal.App.3d 1053, 1057-1058 [84 Cal.Rptr. 27].)

■ The county's brief on appeal relies extensively on the argument that without a broad immunity for discretionary acts, government employees would be unduly inhibited in the performance of their duties. Suffice it to say that this argument was expressly rejected by our Supreme Court in *Johnson* v. *State of California, supra,* 69 Cal.2d 782, 790-793. Also, the county relies on the definition of discretion stated in *Burgdorf* v. *Funder, supra,* 246 Cal.App.2d 443, 449, which is no longer a correct statement of the law. (See *Sanborn* v. *Chronicle Pub. Co., supra,* 18 Cal.3d 406, 414.)

The function of the county surveyor in connection with the recording of a survey is set forth in Business and Professions Code sections 8766 and 8767. Section 8766 provides that the county surveyor shall examine the survey with respect to: (1) mathematical accuracy and completeness of information; (2) conformity to existing records; and (3) compliance with certain provisions of law. According to section 8767, the county surveyor, after completing this examination, shall either indorse the survey for filing, if satisfactory, or return it to the person presenting it if changes are required.

We are satisfied, at least for purposes of ruling on a demurrer, that the county surveyor's duties under these provisions do not involve any basic policy decisions, and therefore the immunity of Government Code section 820.2 does not attach.

The remaining issue is whether mandate is an appropriate remedy. However, this issue is not ripe for decision. A demurrer must be overruled if the facts stated in the complaint would entitle the plaintiff to some relief, even though plaintiff may demand relief to which he is not entitled. (*Selby Realty Co.* v. *City of San Buenaventura,* 10 Cal.3d 110, 123 [109 Cal.Rptr. 799, 514 P.2d 111].) Having determined that the county's objections to the cause of action for damages were without merit, it follows that the demurrer should have been overruled. We express no opinion at this time concerning the availability of mandate under the facts alleged.

The judgment is reversed. The appeals from orders sustaining demurrers are dismissed.