**Larry W. RAINEY and Penelope A. Rainey, Plaintiffs,**

v.

**The WILMINGTON PARKING AUTHORITY, a corporation of the State of Delaware, Defendant.**

Superior Court of Delaware, New Castle County.

Submitted Sept. 21, 1984.

Decided Dec. 20, 1984.

Thomas G. Hughes, of O'Donnell & Hughes, Wilmington, for plaintiffs.

Richard Galperin, of Morris, James, Hitchens & Williams, Wilmington, for defendant.

TAYLOR, Judge.

Plaintiffs seek damages from Wilmington Parking Authority [Authority] for personal injuries to plaintiff Larry W. Rainey which occurred when that plaintiff was assaulted and robbed while a patron at the Authority's parking facility at 9th and Shipley Streets, Wilmington, Delaware. Authority has moved to dismiss the action on the ground that it is protected by sovereign immunity pursuant to 10 *Del.C.* § 4010–4013. General issues of municipal immunity raised by the briefs in this case are dealt with in a decision of this Court in *Porter v. Delmarva and Light Company, et al.*, Del.Super., 488 A.2d 899 (1984). The discussion and holding of *Porter* insofar as applicable to this case are adapted here.

Title 10, Chapter 40, Subchapter II specifies three areas in which a government entity may be sued for negligence: (1) ownership, maintenance or use of vehicles, machinery or equipment, (2) construction, operation or maintenance of public buildings or appurtenances, with certain specified exceptions not applicable here, and (3) sudden accidental pollution of air or water.

This suit involves an attack which allegedly occurred at the parking facility of the Authority. The attack is upon the alleged failure of the Authority to provide adequate security for its patrons. Applying the traditional liberality accorded a pleading, the Court cannot conclude, at least at this stage of the proceeding, that the Parking Authority's facility is not a public building as that term is used in 10 *Del.C.* § 4012(2). It is noted that § 4012(2) contains an exception which reads:

> except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.

There has been no contention that this facility was an historic site or was designed primarily for recreational use by the public. Therefore, this facility does not fall within the exception. It is noted that a parking authority is a "governmental entity" within the definition in 10 *Del.C.* § 4010(2).

Authority contends that plaintiff's claim challenges a discretionary function, namely, the extent of protection to be provided to the Authority's patrons, and as such is excluded from the coverage of § 4012 by virtue of the exclusion found in § 4011(b).

Authority contends that since 22 *Del.C.* Chapter 5 which authorizes creation of this Authority did not mandate that it shall provide for the protection of patrons of a parking authority, it was within the discretion of the Authority to determine whether or to what extent protection would be provided and hence is protected under § 4011(b)(3) from a suit. Defendant contends that any act which requires the exercise of judgment or choice is a discretionary act. *Burgdorf v. Funder*, Cal.App., 246 Cal.App.2d 443, 54 Cal.Rptr. 805 (1966). Stated another way, Authority contends that unless an act involves administration of "a mandatory duty at the operational level" it involves "policy making or judgment" and is a discretionary act, citing *Jackson v. Kelly*, 10th Cir., 557 F.2d 735 (1977). *Burgdorf* involved a suit against a tax collection employee who disallowed a claim for refund and the disallowance of the refund was held to be a discretionary act and immune from suit. *Jackson* was a malpractice suit against an Air Force physician and it was held that that treatment by a physician did not involve governmental discretion and that the physician was not protected by official immunity.

*Maroon v. State Dept. of Mental Health*, Ind.App., 411 N.E.2d 404 (1980) involved injury caused by a former inmate of a mental institution who escaped from that institution and caused injury. *Maroon* held that the act of maintaining custody of a mental patient is a ministerial act subject to a duty of reasonable care and was not subject to governmental immunity as a discretionary function.

*Turner v. United States*, D.D.C., 473 F.Supp. 317 (1979) involved an assault and robbery upon a cleaning supervisor employed by a maintenance contractor engaged in cleaning an office building of the U.S. Department of Agriculture. The claim rested upon the contention that the Department provided inadequate security protection for the cleaning personnel during evening hours when the building was not in use. *Turner* found plaintiff had not shown negligence on the part of the Department. *Turner* did not involve governmental immunity.

Cases holding that general police protection for the general public is within the discretionary function immunity are not of assistance here because this case does not fall into that class of cases. *Seymour Nat'l Bank v. State*, Ind.App., 179 Ind. App. 295, 384 N.E.2d 1177 (1979); *Motyka v. City of Amsterdam*, N.Y.App., 15 N.Y.2d 134, 256 N.Y.S.2d 595, 204 N.E.2d 635 (1965). *New York City Housing Authority v. Medlin*, N.Y.App.Div., 57 Misc.2d 145, 291 N.Y.S.2d 672 (1968); *Matter of New York City Housing v. Jackson*, N.Y.App.Div., 58 Misc.2d 847, 296 N.Y.S.2d 237 (1968); *Huey v. Town of Cicero*, Ill. Supr., 41 Ill.2d 361, 243 N.E.2d 214 (1968). This case involves a waiver of immunity relating specifically to public buildings which removes this case from ordinary police protection cases.

Authority also analogizes this case to *Biloon's Electrical Services, Inc. v. City of Wilmington*, Del.Super., 401 A.2d 636, 639 (1979), *aff'd*, Del.Supr., 417 A.2d 371 (1980). *Biloon* involved a fire which occurred while a hostile mob was roaming that area. Under that condition, the action of the fire officials at the scene in determining to delay entering the area to fight the fire until police protection arrived to assure that the firemen could operate safely was a discretionary decision for which the municipality was immune from suit.

Initially, it will be noted that *Biloon* arose prior to the enactment of the County and Municipality Tort Claims Act, 10 *Del.C.* Chapter 40, Subchapter II. The attempt to analogize this case and *Biloon's* is not convincing. *Biloon's* involved the withholding of a basic municipal service, fire protection, during a time of local emergency. Here, the Authority undertook to provide service and, according to plaintiffs' allegation, failed to provide proper protection. If Authority's argument were carried to its logical extreme, the determination of whether or not a particular service, such as mainte-

nance and cleaning, would be provided, or to what extent, would be treated as a discretionary matter and would be immune from suit.

An example of the proper application of the "discretionary function" immunity is found in *Adams v. Schneider*, Ind.App., 71 Ind.App. 249, 124 N.E. 718 (1919) which involved injuries caused by the collapse of seating erected for use at school field day exercises. The Court in *Adams* noted that the discretionary function of the school board was confined to determining to hold the event and the nature of the event and that as to that function the school board was immune from suit for accommodating those who would attend and for their safe presence at the event, and the general management of the event were ministerial matters. As such, the last described functions were subject to the test of due care and diligence in providing a safe place for those who attended the event.

I conclude that when a governmental entity exercises its discretion by providing a building which is used by the public, judgmental determinations as to the manner or extent of the operation or maintenance of the building, including measures for the protection of the public using that facility, are not within the "discretionary function or duty" category which is excluded by 10 *Del.C.* § 4011(b)(3) from tort claim.

The language of 10 *Del.C.* § 4011(b)(3) does not support Authority's contention that this claim is barred by that provision. The subparagraph refers to the "performance or failure to exercise or perform a discretionary function or duty". This deals with the decision on the question of whether or not a discretionary function or duty is to be undertaken. The question of whether to provide a building for public use is such a discretionary matter. On the other hand when it has been determined that a building will be provided, the governmental entity does not have an immunity protected discretion as to whether or not the building should be of a safe design or whether or not the building would provide a safe place for the public. Similarly, it is not a matter of discretion that the building must be kept in a safe and sanitary condition. The same reasoning applies with respect to security protection in or about the building. To apply governmental immunity to management choices made in the operation or maintenance of a building would be to render § 4012(2) ineffective and would violate the basic premise of statutory construction that a statute should be construed to give effect to all of its provisions. *Nationwide Ins. Co. v. Graham*, Del.Supr., 451 A.2d 832 (1982); *DiSabatino v. Ellis*, Del.Supr., 184 A.2d 469 (1962).

By § 4012(2) the General Assembly has made a public determination that torts arising out of the operation or maintenance of a public building shall not be protected by governmental immunity. This specific language should be given full effect by the Courts and should not be encroached upon by permitting the "discretionary function or duty" language of § 4011(b) to limit the customary meaning of the words used in § 4012(2).

Based upon the contentions discussed above, I conclude that plaintiffs' claim is not barred by governmental immunity. Accordingly, defendant's motion to dismiss is denied.

IT IS SO ORDERED.