**Susan G. HEANEY, Susan M. Heaney, and Jennifer A. Heaney, Plaintiffs Below, Appellants,**

v.

**NEW CASTLE COUNTY, Defendant Below, Appellee.**

No. 42, 1995.

Supreme Court of Delaware.

Submitted: Sept. 19, 1995.
Decided: Dec. 21, 1995.

Jeffrey S. Marlin of Biggs and Battaglia, Wilmington, for Appellants.

Francis J. Jones, Jr., and Peter A. Pietra of Morris, James, Hitchens & Williams, for Appellees.

Before VEASEY, C.J., WALSH and HARTNETT, JJ.

VEASEY, Chief Justice:

In this appeal we are presented primarily with the question of local government immunity from tort claims. Susan Heaney and her daughters, plaintiffs-below, appellants, appeal the grant of summary judgment in favor of New Castle County (the "County") with respect to their tort and civil rights claims arising from the death of Anthony Heaney. The Superior Court granted summary judgment for the County and the City of Wilmington on the state law claims on July 8, 1993. The federal claims under 42 *U.S.C.* § 1983 were dismissed on January 10, 1995 after the plaintiffs had conducted discovery.

We hold that the state law claims were properly dismissed for failure to state a claim since the County was entitled to immunity for the activities alleged in the complaint. We also hold that plaintiffs have failed to state a claim against the County under 42 *U.S.C.* § 1983.

## I. FACTS

Anthony Heaney, husband of Susan G. Heaney and father of Susan M. and Jennifer A. Heaney, was killed in his car in Rockford Park ("the Park") on July 16, 1990 when a tree fell on his parked car. The Park is owned by the City of Wilmington (the "City") and leased to the County until 2009.

A County Forestry Department Employee had worked in the area during the two weeks prior to the accident. He noted dead wood in the general area but did not file a report since the presence of dead wood was not considered a hazard. Dead wood is a natural and regular occurrence in trees. The employee had no recollection of inspecting the particular tree that fell. The employee expressed regret that perhaps a "more rigid inspection plan or policy" could have prevented this accident. Another County employee testified on deposition that personnel had been reduced, and as a result, regular tree inspections were not possible. The County also had reduced the number of outside educational courses for its forestry employees.

## II. STANDARD OF REVIEW

A decision granting summary judgment is subject to *de novo* review. This Court must determine whether the record shows that no genuine issue of material fact remains and that the prevailing party below was entitled to judgment as a matter of law. *Arnold v. Society for Savings Bancorp., Inc.,* Del.Supr., 650 A.2d 1270, 1276 (1994). *See also Hoechst Celanese Corp. v. Certain Underwriters at Lloyd's London,* Del.Supr., 656 A.2d 1094, 1098–99 (1995); *Merrill v. Crothall–American, Inc.,* Del.Supr., 606 A.2d 96, 100 (1992).

## III. LOCAL GOVERNMENT IMMUNITY

Plaintiffs first argue that the Superior Court erred when it dismissed the plaintiffs' state law tort claims against the County based on local government immunity. The scope of local government immunity is governed exclusively by 10 *Del.C.* § 4010 et. seq. (the "Act") which was enacted in order to redefine the nature of governmental immunity in Delaware. *Fiat Motors of N.Am. v. Mayor and Council of the City of Wilmington,* Del.Supr., 498 A.2d 1062, 1064 (1985); *Sussex County v. Morris,* Del.Supr., 610 A.2d 1354, 1361 (1992) (Veasey, C.J., concurring). The Act establishes broad immunity for local government entities subject only to specific exceptions set forth in the Act. *Moore v. Wilmington Hous. Auth.,* Del.Supr., 619 A.2d

1166, 1168 (1993). The exceptions are construed narrowly. *Sadler v. New Castle County,* Del.Supr., 565 A.2d 917, 921 (1989); *Triple C Railcar Svc., Inc. v. City of Wilmington,* 630 A.2d 629, 631 (1993).

The Act provides: "Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages." 10 *Del.C.* § 4011(a). The Act then provides for the following exceptions for negligent acts or omissions by a local government:

(1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary.

(2) In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.

(3) In the sudden and accidental discharge, dispersal, release or escape of smoke, vapors, soot, fumes ... into or upon the land, the atmosphere or any watercourse or body of water.

10 *Del.C.* § 4012.

■ The exceptions are limited, however, by Section 4011(b), which states:

Notwithstanding § 4012 of this title, a governmental entity shall not be liable for any damage claim which results from:

(3) The performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion be abused and whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under which the discretionary function or duty is performed is valid or invalid.

10 *Del.C.* § 4011(b). The statutory scheme creates two hurdles for plaintiffs asserting claims against local government entities. The claim must (1) fit within a statutory exception to the general grant of immunity and (2) not result from a discretionary duty

or function. *Morris,* 610 A.2d at 1362 (Veasey, C.J., concurring).

Plaintiffs rely on *Walls v. Rees,* Del.Supr., 569 A.2d 1161 (1990), for the proposition that the Act is also subject to non-enumerated exceptions. In *Walls,* this Court first stated: "To the extent that Walls's claim is for mere negligence or the improper exercise of discretion by the county or its employees, the Act bars recovery." *Id.* at 1165. Later in the opinion this Court held, in the alternative, that Walls' claim for the value of his unreturned vehicle was not barred by the Act since the obligation of the County to return the vehicle was the creation of a specific statute. *Id.* at 1167–68. This Court described that duty as a "specific and express statutory duty to do a specific act." *Id.* The statute at issue provided: "If the papers, articles or things were allegedly used in the commission of a crime, they shall be returned to the person from whom seized if such person is not thereafter duly convicted of the alleged crime; ..." 11 *Del.C.* § 2311(a)(2). This Court also held that Walls' claim against the County, characterized as a replevin action, was not barred by the Act. *Id.* at 1166.

■ While *Walls* does provide support for the plaintiffs' general assertion, the statute on which they rely is not sufficiently specific to constitute a waiver of immunity. They point to the general enabling statute for park districts as the statutory exception to the Act. The statute provides:

Every park district ... shall have and exercise the following powers:

(2) To acquire ... any and all real estate ... necessary for building, laying out, extending, adorning and maintaining any such parks ...;

(9) To manage and control all officers and property of such districts.

9 *Del.C.* § 770. Plaintiffs argue that this statute, along with others granting power to local government entities, creates a statutory duty for the County to exercise reasonable care in the operation of the Park.

General enabling statutes do not impose obligations on the County of the specific nature contemplated by *Walls.* With respect to enabling statutes this Court has stated:

This Court's prior opinions in *Varity [Builders, Inc. v. Polikoff,* Del.Supr., 305 A.2d 618 (1973)] and [*City of Wilmington v.] Spencer,* [Del.Supr., 391 A.2d 199 (1978)] had construed statutory enabling provisions as evidencing a legislative intent to waive, respectively, county and municipal immunity for the performance of governmental functions. Since the legislature desired to overrule those decisions (as it stated in the preamble), it was necessary to make the additional declaration that the *statutory* language contained in such enabling provisions was not to be construed as a waiver of municipal immunity.

*Fiat Motors,* 498 A.2d at 1065. In addition to the specificity requirement of *Walls,* this language clearly indicates that the statutes on which plaintiffs rely are not sufficiently specific to overcome the County's immunity.

 Plaintiffs make three additional arguments. First, citing *Rainey v. Wilmington Parking Auth.,* Del.Super., 488 A.2d 906, 909 (1984), and *Morris v. Blake,* Del.Super., 552 A.2d 844, 849 (1988), plaintiffs claim that the County did not enjoy immunity for its maintenance of the Park. These cases, which are clearly distinguishable since both found specific exceptions in Section 4012 for the claims, stand only for the proposition that local governments are not immune if the claim results from a non-discretionary activity excepted under Section 4012. Second, plaintiffs would have this Court reconsider its longstanding position that the purchase of insurance by local governments does not result in a waiver of immunity. *Fiat Motors,* 498 A.2d at 1068; *Sadler,* 565 A.2d at 924. Only the Legislature can waive the immunity of local governments. *Fiat Motors,* 498 A.2d at 1067. Third, plaintiffs claim that 18 *Del.C.* § 6511, which waives the sovereign immunity of the *State* for those risks covered by the State Insurance Coverage Program, is applicable. As this Court has held, however, Section 6511 applies by its very terms only to waive the sovereign immunity of the State in certain circumstances. *Id.* at 1068; *see also Turnbull v. Fink,* Del.Supr., 668 A.2d 1370, 1374–75 (1995).

## IV. THE CLAIM UNDER 42 U.S.C. § 1983

As to the claims based on federal law, Plaintiffs allege that a policy, custom and usage of the County resulted in a violation of Mr. Heaney's right to substantive due process under the 14th Amendment to the United States Constitution. Specifically, plaintiffs claim that the County reduced the personnel available to perform inspections and maintenance of the Park, failed to establish and enforce reporting of dangerous trees, failed to provide adequate training for Park employees to recognize dangerous tree conditions and decided to rely upon sovereign immunity rather than properly maintain the Park. Plaintiffs do not allege that deliberate affirmative actions by County employees resulted in a deprivation of Mr. Heaney's constitutional rights. Rather, they allege a deliberate choice by the County to refrain from taking actions which would have prevented the fatal accident.

 42 *U.S.C.* § 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution. Section 1983 also provides a remedy against local government entities. *Monell v. Dept. of Soc. Svcs. of the City of New York,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Local governments may not be held liable, however, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. at 2035. Simple *respondent superior* principles do not give rise to local government liability under Section 1983. *Id.*

 A Section 1983 claim against a local government requires a court to consider two questions: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." *Collins v. City of Harker Heights,* 503 U.S. 115, 121–122, 112 S.Ct. 1061, 1066–67, 117 L.Ed.2d 261 (1992). Although sometimes overlooked in the burgeoning jurisprudence of Section 1983, the question of local government responsibility addressed in *Monell* arises only once a claim states a constitutional violation.

Not every injury caused by decisions of local governments or their employees rises to the level of a constitutional tort. When a person is not in the custody of the state, a constitutional violation arising out of an act or omission requires the act or omission to be "arbitrary, or conscience-shocking, in a constitutional sense." *Id.* at 128, 112 S.Ct. at 1070. The U.S. Supreme Court has stated:

> The [Due Process] Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.... [I]ts language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests [of life, liberty and property] do not come to harm through other means.

*DeShaney v. Winnebago County Dept. of Soc. Svcs.*, 489 U.S. 189, 195, 109 S.Ct. 998, 1002, 103 L.Ed.2d 249 (1989). Thus, the Due Process Clause of the United States Constitution and Section 1983 do not "supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." *Daniels v. Williams*, 474 U.S. 327, 332, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986).

The U.S. Supreme Court in *Collins* recently considered a Section 1983 claim very similar to plaintiffs'. The widow of Larry Collins, an employee of Harker Heights, brought a Section 1983 claim in which she alleged that omissions by the city resulted in her husband's death and a violation of his Due Process rights. *Collins*, 503 U.S. at 117, 112 S.Ct. at 1064. In holding that the Due Process Clause does not guarantee municipal employees a workplace free of unreasonable risk of harm, the Court stated:

> Decisions concerning the allocation of resources to individual programs, such as sewer maintenance, and to particular aspects of those programs, such as the training and compensation of employees, involve a host of policy choices that must be made by locally elected representatives, rather than by federal judges interpreting the basic charter of Government for the entire country.

*Id.* at 128–129, 112 S.Ct. at 1070–71. Although the Court mentioned federal judges, the admonition applies as well to state courts enforcing constitutional rights.

Plaintiffs' Section 1983 claim was properly dismissed on summary judgment. Although the trial court found that plaintiffs had failed to raise a genuine issue of material fact with respect to a custom or policy, plaintiffs have also failed to *state a claim* on which relief can be granted under Section 1983. In this respect, it should be noted that *Collins* upheld a dismissal for failure to state a claim. Since plaintiffs have not alleged a deliberate affirmative act by the County or its employees which resulted in a deprivation of Mr. Heaney's due process rights or that Mr. Heaney was in the custody of the County, they have failed to state a claim under Section 1983.

This conclusion is bolstered by a recent case from the United States Court of Appeals for the Third Circuit, *Searles v. SEPTA*, 3d.Cir., 990 F.2d 789 (1993), which reviewed the dismissal for failure to state a claim of a Section 1983 action arising out of the derailment of a subway train in Philadelphia. The plaintiff in *Searles* alleged that SEPTA, a local government entity, followed a grossly negligent maintenance schedule in reckless disregard for the safety of the public. *Id.* at 790. The Third Circuit upheld the dismissal of the claims, finding that: " 'If the constitution does not impose a duty upon the government employer to provide its employees with a safe working environment, it does not impose a duty on SEPTA to provide a safe passenger environment.' " *Id.* at 792 (quoting *Searles v. SEPTA*, E.D.Pa., C.A. Nos. 91–6687 & 92–1065, 1992 WL 150701 (1992)). The County did not have a constitutional obligation to act affirmatively to provide a safe Park environment. Accordingly, plaintiffs have failed to state a claim.

## V. CONCLUSION

The decision of the Superior Court is **AFFIRMED**.