Filed 11/18/13  Town of Atherton v. Superior Court CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TOWN OF ATHERTON, et al.,<br><br>        Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>        Respondent;<br><br>KIMBERLY SWEIDY, et al.,<br><br>        Real Parties in Interest. | A137994<br><br>(San Mateo County<br>Super. Ct. No. CIV 499893) |

Town of Atherton, Michael C. Wasmann, and Michael A. Hood, defendants in a lawsuit commenced by real parties in interest Kimberly Sweidy and Raymie Stata, petition for writ of mandate directing respondent superior court to vacate its order overruling their demurrers to seven causes of action in the first amended complaint and to enter an order sustaining the demurrers without leave to amend.  Petitioners contend they are entitled to the requested relief on the grounds that real parties failed to timely file a claim pursuant to Government Code section 911.2 and the discovery rule does not apply to toll the time for filing the claim.  We agree with petitioners' contentions and shall now issue a peremptory writ of mandate.

1

# FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 2010, real parties commenced this lawsuit against petitioners Town of Atherton, and a town building inspector, plan examiner/reviewer, and building official, Michael C. Wasmann, and a town building official Michael A. Hood. [1]  In the first amended complaint, real parties alleged that petitioners wrongfully issued a certificate of occupancy for real parties' home despite a determination that the home was not in compliance with applicable building code provisions.  As a consequence of the issuance of the certificate of occupancy, real parties alleged they were induced to move and live in a defectively-constructed home.

Petitioners filed demurrers to the first amended complaint, arguing in pertinent part that all causes of action alleged against them were barred as a matter of law because real parties had failed to file a timely claim as required under Government Code section 911.2.  In support of their demurrers, petitioners relied on the specific allegations in the first amended complaint as well as "judicially noticeable" facts set forth in certain pleadings (including real parties' cross-complaint and a declaration by real party Sweidy) in a related lawsuit initiated by real parties' former home contractor Fulwiler-James, Inc. (hereafter referred to as the related *Fulwiler-James* litigation). [2]  Real parties opposed the demurrers, arguing that their claims against petitioners were timely because the discovery

[1]Real parties also named as defendants CSG Consultants, Inc. (CSG) and Michael J. Cully, an employee of CSG, "working as a building inspector."  These defendants are not parties to this petition.

[2]In the related *Fulwiler-James* litigation commenced on September 11, 2007, Fulwiler-James sued various defendants, including real parties, for breach of contract and related claims relating to the construction of real parties' house.  On July 9, 2008, real parties filed a cross-complaint against Fulwiler-James, as well as architects, a structural engineer, and various subcontractors, alleging the house was defectively planned and constructed, and that problems with the design and construction of the home were discovered during Fulwiler-James's 2004-2007 tenure as contractor.

rule tolled their time to file a claim. In overruling the demurrers, respondent superior court found that the first amended complaint adequately alleged facts supporting the application of the discovery rule and that such allegations of delayed discovery, which were assumed to be true, were not sufficiently contradicted by pleadings filed in a related action so as to render the claims time-barred as a matter of law.

Petitioners filed this timely petition for writ of mandate challenging those portions of respondent superior court's order that overruled their demurrers to the first, second, fifth, sixth, seventh, eighth, and ninth causes of action.[3] We requested informal briefing and gave notice, pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 (*Palma*), that, if appropriate, this court might issue a peremptory writ in the first instance.

## DISCUSSION

### I.    Writ Review is Appropriate in This Case

Generally, writ review is not appropriate to consider rulings on demurrers. (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 851.) However, an exception is appropriate in

_____

[3]Specifically, respondent superior court overruled demurrers to the following causes of action which are challenged in this petition: first cause of action against all petitioners for breach of mandatory duty for wrongfully issuing a certificate of occupancy when construction and design defects were extant; second cause of action against all petitioners for breach of mandatory duty in employing individual petitioners who lacked qualifications and proper certifications to perform their job functions; fifth cause of action against individual petitioners for fraud based on misrepresentations and/or concealment of noncompliance with building code; sixth cause of action against individual petitioners for fraud based on lack of proper professional certifications for their respective job functions; seventh cause of action against Town of Atherton for promissory estoppel; eighth cause of action against Town of Atherton for breach of implied contract; and ninth cause of action for conspiracy against the individual petitioners. The petition does not challenge respondent superior court's additional rulings sustaining the demurrer to the ninth cause of action for conspiracy against Town of Atherton without leave to amend; and overruling the demurrer to the tenth cause of action for inverse condemnation against Town of Atherton as moot because that cause of action had been dismissed by real parties.

this case, where consideration of the petition will "result in a final disposition as to the petitioner[s]" (*Casterson v. Superior Court* (2002) 101 Cal.App.4th 177, 182), and the benefits of the Government Claims Act would effectively be lost if petitioners were compelled to go to trial (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 747, fn. 14).  To avoid the latter result, which would not be remediable on appeal, we shall exercise our discretion to consider the petition.

**II.     Petitioners' Demurrers Should be Sustained Without Leave to Amend As Real Parties Failed to Timely File a Government Code Claim**

" 'The standard of review for an order overruling a demurrer is de novo.  The reviewing court accepts as true all facts properly pleaded in the complaint in order to determine whether the demurrer should be overruled.  [Citation.]' [Citation.]  We must also consider matters that are properly the subject of judicial notice.  [Citation]." (*Big Valley Band of Pomo Indians v. Superior Court* (2005) 133 Cal.App.4th 1185, 1190.)

Before suing a public entity or its employees, a "plaintiff must present a timely written claim for damages" pursuant to Government Code section 911.2.   (*Shirk v. Vista Unified School Dist*. (2007) 42 Cal.4th 201, 208 (*Shirk*); see *Briggs v. Lawrence* (1991) 230 Cal.App.3d 605, 613 [a party's failure to timely present a claim to the appropriate public entity also bars bringing suit against a public employee for any injury caused by acts or omissions in the scope of that employee's employment].)  "Timely claim presentation is not merely a procedural requirement, but is . . . ' " 'a condition precedent to plaintiff's maintaining an action against defendant' " ' [citation], and thus an element of the plaintiff's cause of action.  [Citation.]  Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." (*Shirk, supra*, at p. 209.)

In this case concerning claims for damages to real property, real parties were required to file a Government Code claim within one year of the accrual of the

4

challenged causes of action. (*Wheeler v. County of San Bernardino* (1978) 76 Cal.App.3d 841, 846.) "The general rule for defining the accrual of a cause of action sets the date as the time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.' " (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397.) However, "[a]n exception to the general rule for defining the accrual of a cause of action—indeed, the 'most important' one—is the discovery rule. . . . It postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Ibid.;* see *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 815 (*Fox*) ["[a] plaintiff seeking to utilize the discovery rule must plead facts to show his or her inability to have discovered the necessary information earlier despite reasonable diligence"].) "Mere conclusory assertions that delay in discovery was reasonable are insufficient and will not enable the complaint to withstand general demurrer." (*Saliter v. Pierce Brothers Mortuaries* (1978) 81 Cal.App.3d 292, 297; see *E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1324 (*E-Fab*).)

Real parties filed their Government Code claim on March 3, 2010. However, the last wrongful act allegedly committed by petitioners occurred on March 28, 2007, the date of the issuance of the certificate of occupancy, with the alleged design and construction defects necessarily having taken place prior to that date. Thus, the claim can only be deemed timely if the discovery rule is applied in this case. As we now discuss, however, we conclude, as a matter of law, that real parties have failed to meet their burden of stating facts that show they could not have discovered petitioners' potential liability earlier than one year before they filed their claim. (*Graham v. Hansen* (1982) 128 Cal.App.3d 965, 972 ["reasonableness of a delayed discovery [of a cause of action] is ordinarily a question of fact," but may present "a question of law when the evidence establishes beyond dispute" that the plaintiff has failed to timely act "after notice of its existence"].)

In their first amended complaint real parties allege they "did not actually discover" and "could not reasonably have made the discovery" of petitioners' breaches of their mandatory duties "until starting in January, 2010, when they hired consultants to help them determine . . . [the] extent and . . . cause of their . . . poorly designed and constructed home." According to real parties, "when the retained experts helped to uncover the full extent and nature of the defects and the violations of the Building Code (again, starting in January, 2010), [real parties were] placed on notice that, given the extent and nature of the Building Code violations, it was much more likely that [petitioners] had concluded (and made the determination) that the house was not in compliance with the Building Code." "When that likelihood is combined with the fact that, nevertheless, [Town of] Atherton still issued the certificate of occupancy, a reasonable person would be placed on notice of the possibility of a claim against [Town of] Atherton for the breach of the mandatory duty . . . ." We conclude real parties' arguments are unavailing.

As noted, application of the discovery rule requires a plaintiff to state not only "when the discovery was made," and "the circumstances behind the discovery," but also that "the failure to discover was reasonable, justifiable and not the result of a failure to investigate or act." (*Bastian v. County of San Luis Obispo* (1988) 199 Cal.App.3d 520, 527; see *Fox, supra*, 35 Cal.4th at p. 808 [plaintiff must show "a reasonable investigation after becoming aware of an injury, and [is] charged with knowledge of the information that would have been revealed by such an investigation"].) "Most people do not know the legal answers to questions arising from certain circumstances. However, facts and events which inform a person that something is wrong, or should be looked into, are usually recognizable by the ordinary person." (*McGee v. Weinberg* (1979) 97 Cal.App.3d 798, 803, 804 (*McGee*).) In a sworn declaration filed in the related *Fulwiler-James* litigation, Sweidy averred that while Fulwiler-James still controlled the construction of the home, she discovered "many abnormalities" once the construction

6

project neared completion, and especially after the family occupied the home on July 10, 2007. Early in 2007, Sweidy contacted the Town's building department to obtain information about the "[f]inal signoff on the [m]ain [h]ouse permit." A final inspection was conducted and "signed off" on March 28, 2007, in Sweidy's presence. On April 18, 2007, Fulwiler-James "left the Project," and Sweidy "took over the administration of the construction of our Home . . . ." As problems left behind by Fulwiler-James "were uncovered," Sweidy assumed the role of "Owner as General Contractor, pulling all the permits associated with the necessary repairs being conducted on the Home." "Sometime shortly thereafter," while arranging repair of a waterpark on the property, Sweidy discovered Town of Atherton had "allowed the construction of the Waterpark on our Property without a building permit," and had "allowed application for a Pool Permit without an actual plan or structural calculations and later accepted a wholly insufficient and generic set of calculations and plan to be submitted and approved." She "also learned on or about this time" that Town of Atherton "not only failed in its Plan Check Process for our Home, but also passed our Home for periodic inspections and final inspection (Main House only) with all these obvious and evident defects and omissions." Thus, contrary to real parties' contentions, the record undisputedly demonstrates that in 2007 after real parties had moved into the house and Sweidy had taken over as general contractor and pulled all the permits regarding the repairs on the house, real parties were put on inquiry and should have had a reasonable basis to suspect they might have been harmed by petitioners' allegedly lax oversight of the project. Real parties "then had every opportunity to further explore the facts and to consult [experts] if necessary." (*McGee, supra*, at p. 803.) We therefore conclude real parties' delay in retaining experts to advise of the full extent and cause of their injuries until January 2010 shows a lack of diligence preventing the application of the discovery rule in this case as a matter of law.[4]

---

[4]Contrary to real parties' contentions, *Fox, supra*, 35 Cal.4th 797; *Mehl v. Department of Public Works* (1975) 13 Cal.3d 710, *E-Fab, supra*, 153 Cal.App.4th 1308,

Because there is no possibility that an amendment can remedy the defective pleading, we shall issue a peremptory writ of mandate directing respondent superior court to vacate so much of its January 4, 2013, order as overruled those portions of petitioners' demurrers to the first, second, fifth, sixth, seventh, eighth, and ninth causes of action in the first amended complaint, and to enter a new and different order sustaining the demurrers without leave to amend for failure to timely file a Government Code claim.[5]

## DISPOSITION

We conclude the accelerated *Palma* procedure is appropriate in this case because "no purpose could reasonably be served by plenary consideration of the issue[s]" raised in this writ petition. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)

Let a peremptory writ of mandate issue directing respondent Superior Court of San Mateo County to vacate so much of its order filed on January 4, 2013, as overruled those portions of the demurrers of Town of Atherton, Michael C. Wasmann and Michael A. Hood, to the first, second, fifth, sixth, seventh, eighth, and ninth causes of action in the first amended complaint and to enter a new and different order sustaining the demurrers without leave to amend for failure to timely file a Government Code claim. Petitioners are entitled to their allowable costs.

---

*Leaf v. City of San Mateo* (1980) 104 Cal.App.3d 398; and *Cooper v. Jevne* (1976) 56 Cal.App.3d 860, do not support applying the discovery rule in this case.

[5]In light of our determination, we need not address the other issues raised in the petition.

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Jenkins, J.