Joan LOVELL, Plaintiff,

v.

**COMSEWOGUE SCHOOL DISTRICT and Joseph Rella, in his official capacity, Defendants.**

**No. 01 CV 7750(JM).**

United States District Court, E.D. New York.

Aug. 15, 2002.

Scott Michael Mishkin P.C., By Scott Michael Mishkin, of counsel, Islandia, NY, for the Plaintiff.

Devitt, Spellman, Barrett, Callahan & Kenney, LLP, By Thomas J. Spellman, Jr., of counsel, Smithtown, NY, for the Defendant.

*Memorandum of Decision and Order*

SPATT, District Judge.

Plaintiff Joan Lovell ("Lovell"), a school teacher, filed suit against the Comsewogue School District ("School District") and the principal of Comsewogue High School, Joseph Rella ("Rella"), pursuant to 42 U.S.C. § 1983, alleging that the defendants violated her right to equal protection by failing to take reasonable measures to prevent students from harassing her due to her homosexuality. The defendants move to dismiss Lovell's complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The defendants also move for attorneys' fees pursuant to 42 U.S.C. § 1988.

## A. Standard of Review

A district court may grant a motion to dismiss for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). At the pleading stage, the plaintiff must only provide a "short and plain statement" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." 122 S.Ct. at 998 (*citing Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to plaintiff. *McGinty v. State of New York*, 193 F.3d 64, 68 (2d Cir.1999); *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997).

Furthermore, the court must confine its consideration "to facts stated on the face

of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir.1999) (*quoting Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991)). Notwithstanding this basic principle of motion practice, the parties have submitted numerous affidavits, transcripts, and documents in support of their positions. As there has been no discovery in this matter and there are clearly many disputed issues of fact, this Court declines to convert this motion to a motion for summary judgment and will not consider the extraneous evidence submitted by the parties.

## B. Allegations in Complaint

The following facts are alleged in the complaint:

Lovell, a lesbian, has been employed as a teacher at Comsewogue High School for the past twenty-seven years. On February 7, 2001, three female students in her art class lodged a sexual harassment complaint against Lovell. Although Lovell was present in Principal Rella's office on the morning of February 8, Rella did not inform Lovell of the pending complaint. During this period, the three students remained in Lovell's class. One of the students was given a pass that allowed her to leave Lovell's class at any time. At 2pm, when Lovell went to the assistant principal's office to inquire about the pass, she was informed about the sexual harassment complaint. Lovell contends that the defendants violated District policy which requires that teachers be informed of any complaints as soon as they are lodged. Lovell also contends that she was not allowed to present facts relevant to the investigation. According to Lovell, these students were behavior problems and one of the students was failing the class and had told plaintiff that she was "going to 'get out' of plaintiff's class."

Lovell contends that after Rella determined that the complaints were frivolous, Rella not only failed to discipline the students, but rewarded one of the students with a 100% grade for independent study after the student was removed from Lovell's class. Due to the defendants' failure to take any action to discipline the students, they began to harass her. The complaint contains the following incidents of harassment: One of the students called her a "dyke;" a student called her disgusting in the cafeteria; students whispered and pointed at her in the hallways; and two female students began to hug each other when they saw her walking down the hall. Lovell complained to Defendant Rella and he failed to take any remedial action.

The defendants move to dismiss the complaint on three grounds. First, they argue that Lovell has failed to state a claim under the Equal Protection clause. Second, the defendant School District argues that Lovell has failed to allege a sufficient policy, practice or custom to support Section 1983 liability. Third, Defendant Rella argues that his actions are shielded by qualified immunity. Finally, the defendants seek an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## C. Equal Protection

The Fourteenth Amendment of the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." This is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (citation omitted). An equal protection claim has

two essential elements: (1) the plaintiff was treated differently than others similarly situated, and (2) this differential treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person. *Diesel v. Town of Lewisboro,* 232 F.3d 92, 103 (2d Cir.2000) (citation omitted); *Crowley v. Courville,* 76 F.3d 47, 52–53 (2d Cir.1996); *FSK Drug Corp. v. Perales,* 960 F.2d 6, 10 (2d Cir.1992). The defendants argue that Lovell's complaint fails on both prongs.

■ The defendants first argue that Lovell has failed to allege that she was treated differently than other similarly situated teachers in the School District. Lovell contends that the defendants treated her differently in regards to their investigation of the students' false sexual harassment complaint against her. Lovell bases this conclusion on the allegation that the defendants violated the School District's written policy. Drawing all inferences in the light most favorable to Lovell, this allegation implies that it handles complaints of sexual harassment against non-homosexual teachers differently. This is sufficient to allege an equal protection violation. *See e.g., Zavatsky v. Anderson,* 130 F.Supp.2d 349, 357 (D.Conn.2001) (holding that allegation that the state violated its own policy is sufficient to deny the motion to dismiss). Moreover, this Court is mindful that pursuant to the Federal Rules, a claimant is not required "to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct.

1160, 1163, 122 L.Ed.2d 517 (1993) (*quoting Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Therefore, this Court finds that the defendants have been given sufficient notice of the basis of Lovell's claim that she was treated differently than similarly situated teachers to satisfy the Federal Rules' liberal pleading requirements.

■ Lovell additionally contends that she was subjected to a hostile work environment and that the defendants failed to address her complaints in the same manner that they handled complaints of harassment based on race. For example, Lovell alleges that when a black teacher had the word "nigger" written on her blackboard, the school called in the Police Bias Unit and the School District held numerous faculty meetings concerning the incident. Similarly, when a student used the same racial epithet against another student, the offending student was suspended. On the other hand, when students harassed Lovell due to her sexual orientation, including calling her a "dyke," no action was taken. The defendants contend that these situations are not similar and that Lovell is trying to compare apples to oranges. This Court disagrees.

As this Court has previously explained, "[e]xact correlation is neither likely or necessary." *T.S. Haulers, Inc. v. Town of Riverhead,* 190 F.Supp.2d 455, 463 (E.D.N.Y.2002) (*quoting The Dartmouth Review v. Dartmouth College,* 889 F.2d 13 (1st Cir.1989)). Rather, the question is whether "a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." *Id.* This Court finds that the use of disparaging remarks based on sexual orientation is sufficiently similar to the use of racial epithets. Accordingly, this Court finds that Plaintiff has alleged that she was treated differently than other

similarly situated teachers, which is sufficient to support a equal protection claim at this stage of the litigation. *See also Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir.2000) (whether employees are similarly situated, for purposes of Title VII, is a question of fact for the jury).

■ The defendants also contend that the allegedly discriminatory conduct was not based on an "impermissible consideration." Lovell contends her treatment was based on her sexual orientation. It is well established in this circuit that sex-based discrimination, including sexual harassment, is actionable under § 1983 as a violation of equal protection. *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir.1996); *Annis v. County of Westchester*, 36 F.3d 251 (2d Cir.1994). Moreover, several courts have held that harassment based on sexual orientation is a basis for an equal protection claim under Section 1983. *Emblen IV v. The Port Authority of New York/New Jersey*, 2002 WL 498634 (S.D.N.Y. March 29, 2002) (defendants harassed plaintiff on the basis of his perceived homosexuality); *Quinn v. Nassau County Police Dep't*, 53 F.Supp.2d 347, 356–57 (E.D.N.Y.1999); *Tester v. City of New York*, 1997 WL 81662 (S.D.N.Y. Feb.25, 1997). Accordingly, Lovell's claim that she was discriminated against based on her sexual orientation is actionable under the Equal Protection clause.

The defendants argue, however, that pursuant to the Second Circuit's decision in *Diesel v. Town of Lewisboro*, 232 F.3d 92 (2d Cir.2000), Lovell's equal protection claim must fail as a matter of law. In *Diesel*, the plaintiff, a New York State Trooper, was found passed out or asleep behind the wheel of an official car. Diesel brought an equal protection claim on the basis that, in retaliation for having cooperated with an internal affairs investigation, rather than being given the usual profes-

sional courtesy, defendants vigorously prosecuted his case. The Second Circuit held that the only discriminatory treatment Diesel had suffered was the withholding of the preferential treatment police officers usually enjoyed, which would have immunized him from the consequences of his own serious misconduct. The court therefore concluded that Diesel did not suffer a cognizable constitutional injury since Diesel's Equal Protection claim alleged only that he "was deprived of a privileged status to which he had no constitutional entitlement" and that to find that the denial of such preferential treatment constitutes an Equal Protection violation "would stand the Equal Protection Clause on its head." Although the defendants contend that *Diesel* is controlling, this Court sees no similarity between the two situations. The plaintiff in *Diesel* was seeking to have his misconduct overlooked. Lovell seeks just the opposite. She alleges that the defendants ignored misconduct by students and seeks to have that misconduct addressed.

Finally, the defendants contend that this Court should dismiss Lovell's equal protection claim because Defendant Rella's actions were reasonable. The question of the reasonableness of his actions, however, is not before this Court. This is a motion to dismiss and thus the only issue is whether the plaintiff has stated a claim. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995) (holding that the issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims).

### D. Municipal Liability under Section 1983

■ The defendants next argue that Lovell has not stated a claim against the School District because she fails to allege

that the discriminatory conduct was pursuant to a policy or custom of the School District. Section 1983 provides a civil claim for damages against any municipality or person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to maintain a Section 1983 claim against the School District, Lovell must allege 1) an official policy or custom that, 2) caused her to be subjected to, 3) the denial of a constitutional right. *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983). The policy or custom used to support liability need not be contained in a formal rule or regulation. *Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991). It can be the result of an informal practice, so long as the discriminatory practices are persistent and widespread so as to "constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691, 98 S.Ct. 2018 (citations omitted). Moreover, "municipal inaction such as the persistent failure to discipline subordinates who violate civil rights could give rise to an inference of an unlawful municipal policy of ratification of unconstitutional conduct." *Batista*, 702 F.2d at 397. Finally, actions taken by persons whose activities represent official policy may constitute a custom or policy for Section 1983's purposes. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018; *Jeffes v. Barnes*, 208 F.3d 49, 56 (2d Cir.2000).

Although Lovell does not address the question of municipal liability in her memorandum of law, this Court finds that there are sufficient factual allegations in the Complaint to support a Section 1983 cause of action against the School District at this stage of the litigation. Lovell can proceed under the theory that Rella's conduct, as the principal of the school, represents official policy. Lovell contends that Defendant Rella was responsible for the investigation into the students' false sexual harassment complaint and he failed to take action in response to her complaints of sexual harassment. Accordingly, Lovell's claim against the School District may stand if Rella had final policymaking authority which is attributable to the School District. Defendant Rella "need not be a municipal policymaker for all purposes. Rather, with respect to the conduct challenged, he must be 'responsible under state law for making policy in that area of the [municipality's] business.'" *Jeffes v. Barnes*, 208 F.3d 49, 56 (2d Cir.2000) (*quoting St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)). The question of whether Rella possessed final policymaking authority is determined by state law, *id.*, and at least one court in this circuit has found that under New York law, a principal of a school did possess such authority. *See Rabideau v. Beekmantown Central Sch. Dist.*, 89 F.Supp.2d 263, 269 (N.D.N.Y. 2000). Therefore, this Court will not dismiss Lovell's Section 1983 claim against the School District.

## E.   Qualified Immunity

▋ In two sentences, the defendants argue that Defendant Rella's conduct is shielded by qualified immunity. The doctrine of qualified immunity shields government officials from liability for civil damages when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Clearly established means that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is

doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The action of an official is not afforded the protection of qualified immunity, however, simply because no court has held the exact action in question to be unlawful. *Id.* Rather, the unlawfulness of the act must be apparent "in light of preexisting law." *Id.*

Here, Lovell contends that she was discriminated against based on her sexual orientation during 2001. Thus, the question is whether Lovell's right to be free of discrimination based on her sexual orientation was a clearly established constitutional right in 2001. In *Carrero v. New York City Housing Auth.,* 890 F.2d 569, 577 (2d Cir.1989), the Second Circuit held that a hostile work environment claim could form the basis for an equal protection claim under Section 1983. Therefore, since 1989, it has been clearly established in this circuit that a sexual harassment claim could constitute a violation of the Equal Protection Clause of the Fourteenth Amendment. Further, since the Supreme Court's decision in *Romer v. Evans,* 517 U.S. 620, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996), it has been well-established that governmental discrimination against homosexuals could violate the equal protection clause. Therefore, this Court concludes that Defendant Rella is not entitled to qualified immunity.

## F. Attorneys' Fees

The defendants move for attorneys' fees pursuant to 42 U.S.C. § 1988 arguing that Lovell has brought "a patently frivolous lawsuit." Given that this Court has denied the defendants' motion to dismiss and found that Lovell has state a viable equal protection violation, the defendants' motion for attorneys' fees is likewise denied.

## Conclusion

The defendants' motion to dismiss and motion for attorneys' fees are DENIED. The parties are directed to contact United States Magistrate Judge Michael L. Orenstein forthwith to proceed with discovery.

SO ORDERED.