Ashly MASSEY, Plaintiff,

v.

BANNING UNIFIED SCHOOL DIS-
TRICT, Dr. Kathleen McNamara,
Manuel Peredia, Kirby Dabney and
Karen Gill, Defendants.

No. CV02–981ABCJWJX.

United States District Court,
C.D. California,
Western Division.

March 28, 2003.

Martha Matthews, Esq., ACLU Founda-
tion of So. California, Los Angeles, CA, for
Plaintiff.

Richard Terzian, Esq., Stephen Pfahler, Esq., Stacey Turner, Esq., Bannan Green Frank & Terzian, Los Angeles, CA, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND TO STRIKE

COLLINS, District Judge.

The above-referenced motion came on regularly for hearing before this Court on March 24, 2003. After consideration of the materials submitted by the parties, argument of counsel and the case file, it is hereby ORDERED that Defendants' Motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At all relevant times, Ashly Massey ("Plaintiff") was an eighth grade student at Coombs Middle School in the Banning Unified School District (the "District"). (Complaint ¶¶ 2–3.) Kathleen McNamara ("McNamara") is the superintendent of the District; Manuel Peredia ("Peredia") and Kirby Dabney ("Dabney") are principal and vice principal, respectively, of Coombs Middle School. (Complaint ¶ 4.) Karen Gill ("Gill," and together with McNamara, Peredia and Dabney, the "Individual Defendants") is a physical education teacher at Coombs Middle School. (Complaint ¶ 4.)

In late March of 2002, following physical education class, upon being asked by a friend if she was a lesbian, Plaintiff responded in the affirmative. (Complaint ¶ 11.) That evening, Plaintiff's mother received a call from Gill informing her that Gill and the girls in Plaintiff's physical education class had a problem or were otherwise uncomfortable with Plaintiff's presence in the locker room because of her sexual orientation. (Complaint ¶ 12.) During the conversation with Plaintiff's mother, Gill acknowledged that Plaintiff had not made inappropriate sexual comments, engaged in inappropriate sexual conduct or otherwise acted inappropriately and that Plaintiff was meeting the requirements of the class. (Complaint ¶¶ 13–14.)

The following day, Gill informed Plaintiff that she was no longer allowed to attend physical education class and instructed her to report to the principal's office. (Complaint ¶ 17.) For the following week and one-half, Plaintiff sat in the principal's office every day during the time period allotted for her physical education class. (Complaint ¶ 18.) No school official met with Plaintiff or contacted her mother in order to discuss the situation during this period, and other students observed her in the principal's office for what they assumed to be disciplinary reasons. (Complaint ¶¶ 18–20.)

A week and a half after Plaintiff was first barred from physical education class, Plaintiff's mother arranged a meeting with Dabney to discuss the need to rearrange Plaintiff's schedule for reasons unrelated to the foregoing facts. (Complaint ¶ 21.) At that time, Plaintiff's mother was informed by Dabney that Peredia had made the decision to bar Plaintiff from physical education class. (Complaint ¶ 21.) Plaintiff alleges that Defendants' conduct was emotionally damaging, and that being forced to sit in the principal's office every day during physical education class humiliated her and made her feel that she was being punished because of her sexual orientation. (Complaint ¶ 25.) Plaintiff no longer attends school in the District, but lives within two miles of the District, in which her grandmother continues to reside, and claims that there is a significant likelihood that she will return to the District at some time before she graduates from high school. (Complaint ¶ 27.)

On December 20, 2002, Plaintiff filed the instant Complaint, asserting causes of ac-

tion under 42 U.S.C. § 1983, California Education Code § 200, *et seq.* and the Unruh Civil Rights Act. Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. On February 7, 2003, Defendants filed the instant motion. Plaintiff filed her opposition on February 24, 2003, to which Defendants replied on March 17, 2003. The motion came on for hearing on March 24, 2003.

## II. STANDARD ON A MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990). A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988); *accord Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) ("A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'")

A court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *See NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986); *see also Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980) (finding that the complaint must be read in the light most favorable to the plaintiff). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast as factual allegations. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981); *Hiland*

*Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 973 (8th Cir.1968).

Furthermore, in ruling on a 12(b)(6) motion, a court cannot generally consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). *See Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir.1991), *overruled on other grounds by Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). A court may, however, consider exhibits submitted with the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1989). The Court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994).

Lastly, a Rule 12(b)(6) motion "will not be granted merely because [a] plaintiff requests a remedy to which he or she is not entitled." William W Schwarzer, et al., *Civil Procedure Before Trial* § 9:230. "It need not appear that plaintiff can obtain the *specific* relief demanded as long as the court can ascertain from the face of the complaint that *some* relief can be granted." *Doe v. United States Dept. of Justice*, 753 F.2d 1092, 1104 (D.C.Cir. 1985); *see also Doss v. South Central Bell Telephone Co.*, 834 F.2d 421, 425 (5th Cir. 1987) (demand for improper remedy not fatal if claim shows plaintiff entitled to different form of relief).

## III. ANALYSIS

Defendants move to dismiss Plaintiff's Complaint on the grounds that (1) her claims against the District and the Individual Defendants in their official capacities

are barred by the Eleventh Amendment, (2) the Individual Defendants are entitled to qualified immunity, (3) all Defendants are entitled to discretionary acts immunity under California Government Code § 820.2 and (4) Plaintiff has no standing to seek injunctive relief.[1]

Plaintiff opposes Defendants' motion, asserting that (1) the District's Eleventh Amendment immunity does not require dismissal of any of Plaintiff's claims, (2) Defendants are not entitled to qualified immunity as to Plaintiff's federal claim because their conduct violated a clearly established constitutional right, (3) Defendants are not entitled to discretionary acts immunity under California Government Code § 820.2 and (4) Plaintiff has standing to pursue her claim for injunctive relief because there is a reasonable likelihood that she will suffer future discrimination.

**A. The District's Eleventh Amendment Immunity Does Not Require the Dismissal of Plaintiff's Claims.**

█ Defendants move to dismiss Plaintiff's first three causes of action on the ground that the District and the Individual Defendants in their official capacities are immune from suit under the Eleventh Amendment. (Motion at 4:13–6:15.) In her opposition, Plaintiff acknowledges that she cannot collect damages against the District or the Individual Defendants in their official capacities, but asserts that the Eleventh Amendment does not bar recovery of damages against the Individual Defendants in their personal capacities. (Opp'n at 3:10–13.) Additionally, she contends that the Eleventh Amendment does not prohibit her from obtaining injunctive and declaratory relief against all Defen-

dants with respect to her federal claim. (Opp'n at 3:16–17.)

The Court agrees with Plaintiff that the Eleventh Amendment does not require the dismissal of any of her claims. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (discussing the distinction between personal capacity and official capacity suits, and noting that an award of damages against an official in his personal capacity can be executed only against the official's personal assets). Defendants concede as much in their reply, in which they reiterate that the District and the Individual Defendants *in their official capacities* are protected by the Eleventh Amendment from suits for money damages. (Reply at 2:21–3:27.) Furthermore, the Eleventh Amendment does not shield the Individual Defendants in their official capacities from suit for declaratory relief. *See Kentucky v. Graham,* 473 U.S. 159, 169 n. 18, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("In an injunctive or declaratory action grounded on federal law, the State's immunity can be overcome by naming state officials as defendants."). Finally, the Eleventh Amendment does not bar Plaintiff from recovering punitive damages against the Individual Defendants in their personal capacities. Based on the foregoing, the Court DENIES Defendants' motion to dismiss based on their Eleventh Amendment immunity.

**B. The Individual Defendants Are Not Entitled to Qualified Immunity with Respect to Plaintiff's Federal Claim.**

The Individual Defendants move to dismiss Plaintiff's first cause of action on the grounds that they are entitled to qualified immunity.[2] The Individual Defendants

---

1. Defendants also move to strike Plaintiff's prayer for punitive damages against the District. As discussed below, because Plaintiff does not seek such damages from the District, Defendants' request is moot. Also moot is

Defendants' request that the Court decline to exercise jurisdiction over her state law claims following dismissal of her federal claim.

2. Notably absent from Defendants' motion is any discussion of *Saucier v. Katz,* 533 U.S.

contend that they are not liable under pre-*Saucier v. Katz* case law[3] because no clearly established authority prohibited their conduct and the school officials' decision to "protect" Plaintiff from other students was reasonable. (Motion at 7:15–14:14.)

■ In her opposition, Plaintiff contends that under *Saucier v. Katz*, the Individual Defendants are not entitled to qualified immunity. Under the two-prong inquiry set forth in *Saucier v. Katz*, to determine whether a defendant is entitled to qualified immunity, a court must first consider "whether a constitutional right would have been violated on the facts alleged." 533 U.S. at 200, 121 S.Ct. 2151. If a violation has been alleged, a defendant is not entitled to qualified immunity if the right was clearly established at the time of the violation. *Id.* at 200–201, 121 S.Ct. 2151. Plaintiff asserts that the Individual Defendants are not entitled to qualified immunity because she has alleged a violation of the Equal Protection Clause and the Individual Defendants had fair warning that their sexual orientation-based discrimination constituted an equal protection violation. (Opp'n at 3:27–12:6.)

194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), which sets forth the inquiry used to determine a defendant's entitlement to qualified immunity.

3. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) and *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

4. Courts in other circuits have also recognized that sexual orientation-based discrimination gives rise to an equal protection claim. *See e.g., Nabozny v. Podlesny,* 92 F.3d 446 (7th Cir.1996); *Stemler v. City of Florence,* 126 F.3d 856 (6th Cir.1997); *Lovell v. Comsewogue Sch. Dist.,* 214 F.Supp.2d 319 (E.D.N.Y.2002).

### 1. *Plaintiff Has Alleged Defendants' Violation of a Constitutional Right.*

■ In the Complaint, Plaintiff alleges that her rights under the Equal Protection Clause were violated when she was prohibited from participating in a class on the basis of her sexual orientation. (Complaint ¶¶ 18–20.) The Supreme Court has held that arbitrary discrimination on the basis of sexual orientation violates the Equal Protection Clause, as have courts in this circuit. *See Romer v. Evans,* 517 U.S. 620, 635, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996) (holding that a Colorado amendment prohibiting legislative, judicial or executive action designed to protect gays and lesbians from discrimination violated the Equal Protection Clause); *High Tech Gays v. Defense Industrial Security Clearance Office,* 895 F.2d 563, 574–578 (9th Cir.1990) (applying "active" rational basis review to the plaintiffs' claims of discrimination by the United States Department of Defense); *Pruitt v. Cheney,* 963 F.2d 1160, 1165–1166 (9th Cir.1991) (noting the use of "'active' rational basis review" in *High Tech Gays* in considering the issue of discrimination against homosexuals and applying the same level of review to the facts of the case).[4] Accordingly, it is apparent Plaintiff has alleged a violation of a constitutional right.[5]

5. In their reply, having belatedly discovered *Saucier v. Katz,* Defendants argue that Plaintiff has failed to allege a constitutional violation because Defendants could have believed that their conduct was necessary to protect Plaintiff from student-on-student harassment, and that there is no constitutional violation if there is any conceivable set of facts that would provide a rational basis for Defendants' conduct. (Reply at 10:17–11:2.) Defendants' arguments are entirely misguided. Dismissal is not proper when a plaintiff states a claim for an equal protection violation. In *Pruitt,* the Ninth Circuit reversed a district court's dismissal of the plaintiff's equal protection claim, indicating that after *High Tech Gays,* the government must establish a record that its policy had a rational basis, and that there was no legal support for the government's contention that its discrimination should be

2. *It is Clearly Established in the Ninth Circuit that Discrimination on the Basis of Sexual Orientation Violates the Equal Protection Clause.*

 In their motion, Defendants focus their qualified immunity argument on the contention that the right to be free of sexual orientation-based discrimination is not clearly established because there is no "closely analogous case law from the Supreme Court or Ninth Circuit" alerting Defendants that their conduct violated the Equal Protection Clause. (Motion at 9:14–17.) According to Defendants, because Plaintiff cannot show that "existing case law defined the right at an appropriate level of specificity such that the unlawfulness of the conduct was apparent to all but the plainly incompetent," they are entitled to qualified immunity. (Motion at 9:17–10:2.) Defendants argue that such authority cannot be cited because the Ninth Circuit has not yet decided under what circumstances a school official may be held liable for sexual orientation-based discrimination against a student, and that existing authority on the issue is sparse and non-binding.[6] (Motion at 11:22–25.) Finally, Defendants claim that they acted reasonably in protecting Plaintiff from harassment by other students and are therefore entitled to qualified immunity. (Motion at 13:9–14:7.)

In her opposition, Plaintiff argues that Defendants had fair warning[7] that their conduct violated the Equal Protection Clause, and that the "closely analogous case law" standard proposed by Defendants is not the applicable legal standard, citing *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2516, 153 L.Ed.2d 666 (2002)("[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances. In *Lanier*, we expressly rejected a requirement that previous cases be 'fundamentally similar.' "). Plaintiff also cites *Doe v. Petaluma City Sch. Dist.* for the position that in the absence of binding precedent, the Court must look at all decisional law to determine whether the right at issue was clearly established. 54 F.3d 1447, 1450 (9th Cir.1995). In light of the number of cases in this circuit and elsewhere finding that discrimination on the basis of sexual orientation gives rise to an equal protection claim, Plaintiff contends that Defendants had fair warning that their conduct constituted the violation of a clearly established constitutional right. (Opp'n at 9:18–10:15.) Finally, Plaintiff contends that Defendants' duty to protect her from harassment does not entitle them to qualified immunity because (1) the Complaint does not suggest that Plaintiff was being harassed by other students[8] and (2) even if Plaintiff had been subjected to peer

held rational as a matter of law. 963 F.2d at 1166. The other cases relied upon by Defendants were decided on summary judgment.

6. Defendants devote significant time to distinguishing the facts of the instant case from *Nabozny*, claiming that "the lesson to be learned... is that school officials who ignore or condone student-on-student harassment" can be held liable, but that *Nabozny* does not make it reasonably clear to Defendants that their conduct violated the Equal Protection Clause. (Motion at 12:1–17.) However, if school officials may be held liable for failure to respond to *students'* harassment or discrimination based on sexual orientation, a reasonable "lesson to be learned" is that school officials who engage in such sexual

orientation-based discrimination themselves may also be liable.

7. "The qualified immunity test is simply the adaptation of the fair warning standard to give officials [ ] the same protection from civil liability and its consequences that individuals have traditionally possessed in the face of vague criminal statutes." *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2515 n. 10, 153 L.Ed.2d 666 (2002).

8. Failing to abandon their sinking ship, Defendants cling to their assertion that other students expressed concern about Plaintiff's sexual orientation in their reply. The Complaint states, in pertinent part, that "Gill

harassment, Defendant should have known that barring her from class was not a constitutionally permissible response, even under rational basis review. (Opp'n at 11:5–7.)

The Court agrees with Plaintiff that the Individual Defendants are not entitled to qualified immunity. The law has been clearly established for several years that discrimination on the basis of sexual orientation gives rise to an equal protection claim. Plaintiff has alleged that Defendants violated her rights under the Equal Protection Clause, and Defendants may not immunize themselves from liability because another case with nearly identical facts has not been decided in the Ninth Circuit. Accordingly, Defendants' motion to dismiss Plaintiff's first cause of action is DENIED.

## C. Defendants Are Not Entitled to Discretionary Acts Immunity Under California Government Code § 820.2.

■ Defendants also move to dismiss Plaintiff's second and third causes of action on the ground that they are barred by California Government Code § 820.2, which shields public employers and their employees from liability for acts or omissions resulting from the exercise of discretion. Immunity under § 820.2 does not extend to acts considered ministerial or operational. *Caldwell v. Montoya*, 10 Cal.4th 972, 981, 42 Cal.Rptr.2d 842, 897 P.2d 1320 (1995). Defendants cite *Lipman v. Brisbane Elementary Sch. Dist.*, 55 Cal.2d 224, 11 Cal.Rptr. 97, 359 P.2d 465 (1961),[9] *Skinner v. Vacaville Unified Sch. Dist.*, 37 Cal.App.4th 31, 43 Cal.Rptr.2d 384 (1995), *Nicole M. v. Martinez Unified Sch. Dist.*, 964 F.Supp. 1369 (N.D.Cal. 1997) and *Davison v. Santa Barbara High Sch. Dist.*, 48 F.Supp.2d 1225 (C.D.Cal. 1998) to support their contention that the acts giving rise to the instant suit were discretionary within the meaning of § 820.2, and that they are therefore shielded from liability.

Plaintiff contends that Defendants are not entitled to immunity because § 820.2 provides immunity only for "basic policy decisions" within the discretionary authori-

said... that the girls feel uncomfortable being around Ashly in the locker room because of Ashly's sexual orientation." (Complaint ¶ 12.) Plaintiff has not alleged that any of her fellow student were uncomfortable with her sexual orientation, and Defendants' reliance on Gill's excuse for removing her from the class is therefore unavailing.

Likewise, in their reply Defendants adhere to their mistaken belief that there was no clearly established law to inform them that their discrimination against Plaintiff constituted a constitutional violation, claiming that the issue is whether they "should have understood that removing plaintiff from class for a period of time after other students expressed concern was not conduct rationally related to a legitimate government interest." (Reply at 13:1–3.) Defendants misunderstand the Supreme Court's discussion of the appropriate standard in *Hope*. It is not necessary for Plaintiff to cite a case with identical or even "fundamentally" or "materially" similar facts in order for the Court to determine that Plaintiff's right was clearly established. In *Hope*, in setting out the standard, the Supreme Court stated that "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful." 122 S.Ct. at 2515. Defendants' argument that existing cases "simply informed defendants that they need to be diligent in preventing harassment of persons based upon their sexual orientation, not that removal from any program or class is discriminatory conduct" is at best disingenuous. Furthermore, as indicated above, a finding that a rational basis existed for Defendants' actions must be based on the record and Defendants cannot establish on a motion to dismiss that their actions, as a matter of law, were rationally related to a legitimate government interest.

9. As Plaintiff aptly notes, Defendants' reliance on *Lipman*, a pre-Tort Claims Act case, is entirely misplaced.

ty of government officials, and that the acts giving rise to the instant suit are ministerial or operational and thus not within the scope of § 820.2.[10] (Opp'n at 12:13–17.) For support, Plaintiff cites *Caldwell* and *Barner v. Leeds*, 24 Cal.4th 676, 102 Cal.Rptr.2d 97, 13 P.3d 704 (2000), which discuss the distinction between "basic policy decisions" for which § 820.2 immunity is available and lower-level ministerial or operational decisions which are not impacted by § 820.2. Plaintiff contends that Defendants' actions were operational decisions which failed to implement policies established by the California Legislature and the State Board of Education, and that these actions are not shielded by § 820.2. (Opp'n at 13:9–13.)

The Court agrees with Plaintiff that Defendants are not entitled to immunity under California Government Code § 820.2 for Plaintiff's second and third claims, because Defendants' actions are not discretionary within the meaning of applicable case law. The cases Defendants rely upon are easily distinguishable from the instant case (or, in the case of *Lipman*, no longer the state of the law). The *Nicole M.* court found that a principal was immunized from liability for his allegedly inadequate handling of another student's discrimination against the plaintiff. In the instant case, the Defendants have discriminated against Plaintiff, not merely been ineffective in preventing the discrimination of others. According to the *Skinner* court, actions of a school board exercising power pursuant to statutory guidelines and its own regulations are entitled to discretionary act immunity. Defendants do not claim that their discrimination against Plaintiff was mandated by statutory guidelines or otherwise constituted the implementation of internal school rules mandating discrimination or segregation based on sexual orientation, and such a claim would be unavailing. Finally, unlike the instant case, in *Davison*, the plaintiff offered only a perfunctory opposing argument on the issue of § 820.2 immunity, and the court was therefore not required to determine whether the defendants' actions were discretionary or ministerial. Defendants' decision barring Plaintiff from physical education class and requiring her to sit in the principal's office was not a discretionary action for which immunity under California Government Code § 820.2 is available. Accordingly, Defendants' motion to dismiss Plaintiff's second and third claims under § 820.2 is DENIED.

**D. Defendants' Motion to Strike Plaintiff's Claim for Injunctive Relief Based on Her Lack of Standing is Denied.**

■ Finally, Defendants move to strike Plaintiff's claim for injunctive relief on the ground that she lacks standing. According to Defendants, because Plaintiff no longer lives in or attends school in the District, under *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092 (9th Cir. 2000), her claims are moot. (Motion at 22:3–24:13.) Plaintiff contends that under *Honig v. Doe*, 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988), she has standing to seek prospective injunctive relief if there is a "reasonable likelihood" that she will again suffer the type of discrimination giving rise to the suit. (Opp'n at 20:18–22:3.) In their reply, Defendants argue that *Honig v. Doe* does not provide the authority

---

10. Plaintiff also argues that § 820.2 grants immunity only except as otherwise provided by statute, and that the California Education Code and Unruh Act impose specific affirmative duties on Defendants, abrogating any immunity to which Defendants might otherwise be entitled. (Opp'n at 17:10–20:10.) Because the Court finds that Defendants are not entitled to discretionary immunity, it is unnecessary to address this additional argument.

for the injunctive relief sought and that because Plaintiff has moved to a new school district, she cannot demonstrate a real or immediate threat of irreparable injury that would warrant injunctive relief. (Reply at 4:3–6:15.)

The Court finds that the issue of Plaintiff's standing to pursue her claim for injunctive relief is one that cannot be decided prior to discovery. In her Complaint, Plaintiff alleges that there is a significant likelihood that she will return to the District. (Complaint ¶ 27.) Although Defendants urge the Court not to assume that Plaintiff will return to the District based solely on the allegations set forth in the Complaint, the Court finds that a decision as to the likelihood of her return is premature.[11] Accordingly, the Court DENIES Defendants' motion to strike Plaintiff's claim for injunctive relief, finding that such a decision is more suitably made after the record has been developed.[12]

## IV. CONCLUSION

For the reasons articulated above, the Court DENIES Defendants' motion to dismiss in its entirety.

---

11. The Court notes that the district courts in both *Honig* and *Cole* ruled on motions for summary judgment, not motions to dismiss. In fact, in *Honig*, the issue of standing was raised for the first time on oral argument before the United States Supreme Court.

12. Defendants also move to strike Plaintiff's prayer for punitive damages against the District. (Motion at 24:19–25:3.) Plaintiff has conceded that she does not seek punitive damages against the District. Having re-

viewed the Complaint, the Court does not find that there is a specific prayer for punitive damages against the District, and has already determined that the Individual Defendants in their personal capacities may be sued for money damages, including punitive damages. Therefore, Defendants' motion to strike Plaintiff's prayer for punitive damages, which the Court presumes was made in a far broader effort to curtail Plaintiff's punitive damages claim, is DENIED.