**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SCOTT MURRAY; MICHAEL
SCHNEIDER; KEVIN JOSEPH, the class
of all students at the University of
Colorado at Boulder who are being
charged out-of-state tuition despite being
residents and domiciliaries of the State of
Colorado,

        Plaintiffs - Appellants,

    v.

STATE OF COLORADO; UNIVERSITY
OF COLORADO BOARD OF
REGENTS,

        Defendants - Appellees.

No. 04-1376
(D. Ct. No. 03-WM-2668 (OES))
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **EBEL**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

case is therefore ordered submitted without oral argument.

Plaintiffs-Appellants Scott Murray, Michael Schneider, and Kevin Joseph, all of whom are students at the University of Colorado, filed a claim against the State of Colorado and the University of Colorado Board of Regents pursuant to 42 U.S.C. § 1983. On behalf of a proposed class of students paying out-of-state tuition, the Plaintiffs challenged the University's out-of-state tuition policy as violating their rights under the Fifth and Fourteenth Amendments, as well as their right to travel. The District Court dismissed the suit for lack of subject matter jurisdiction. We AFFIRM.

## I. BACKGROUND

The University of Colorado determines residency status for tuition purposes according to Colorado's Tuition Classification Statute, Colo. Rev. Stat. Ann. § 23-7-101 et seq. The statute provides a list of presumptions that determine a student's residency status "[u]nless the contrary appears to the satisfaction of the registering authority of the institution at which a student is registering." Colo. Rev. Stat. Ann. § 23-7-103(1). The Plaintiffs all pay out-of-state tuition, and none has ever applied to pay in-state tuition.

The Plaintiffs filed suit against the State of Colorado and the Board of Regents of the University of Colorado arguing that the Defendants deprived them of the equal protection of the laws, the right to travel, and property without due process of law, in violation of 42 U.S.C. § 1983. They sought declaratory relief, injunctive relief, and a partial tuition refund. The Defendants then moved to dismiss for lack of subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). After determining that the State of Colorado was entitled to Eleventh Amendment immunity and that the Plaintiffs did not have standing to bring suit against the Board of Regents, the District Court granted the Defendants' motion.

## II. DISCUSSION

Whether a defendant is immune from suit under the Eleventh Amendment and whether a plaintiff has standing to sue are both questions of the federal courts' subject matter jurisdiction. *See Thompson v. Colorado*, 278 F.3d 1020, 1023–24 (10th Cir. 2001) (Eleventh Amendment immunity); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–560 (1992) (standing). We therefore review the District Court's dismissal de novo. *Merrill Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004).

We first review the court's decision to dismiss the Plaintiffs' claim against the State of Colorado on the basis of its Eleventh Amendment immunity. The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Plaintiffs contend that the Eleventh Amendment does not apply in this case because they are citizens of Colorado, as opposed to citizens of another state. The Eleventh Amendment, however, has long been understood as standing for a principle broader than its language: that the Constitution should not be construed to abrogate the traditional

sovereign immunity of states in federal court, regardless of the citizenship of the plaintiff. *See Hans v. Louisiana*, 134 U.S. 1 (1890). Therefore, Colorado is immune from suit unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity. *See Harris v. Owens*, 264 F.3d 1282, 1290 (10th Cir. 2001). Here, the Plaintiffs do not argue that Colorado waived its sovereign immunity or consented to suit, contending only that Congress has abrogated the state's immunity through the enactment of § 1983. It is well-established, however, that § 1983 does not abrogate a state's Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 341, 345 (1979). Nonetheless, the Plaintiffs cite *Vlandis v. Kline*, 412 U.S. 441 (1973), as implicit authority that "students have the right under 42 U.S.C. § 1983 to sue a state university." The facts of that case do not support the Plaintiffs' argument here. In *Vlandis*, a group of University of Connecticut students challenged the university's tuition classification policy in a suit against the university's director of admissions—not against the state itself. *Id.* We therefore hold that the State of Colorado is immune from suit under the Eleventh Amendment, and that the District Court properly dismissed the Plaintiffs' claim against Colorado for lack of subject matter jurisdiction.

We next turn to the court's decision to dismiss the Plaintiffs' claim against the University of Colorado Board of Regents for lack of standing. We need not address this issue, however, because the Colorado Board of Regents is, like the state itself, entitled to Eleventh Amendment immunity. *See Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d

487, 494 n.3 (10th Cir. 1998) ("[W]e have no doubt that UNMSM, its Regents, and the Committee on Admissions are 'arms of the state,' entitled to Eleventh Amendment immunity."); *Lujan v. Regents of Univ. of Cal.*, 69 F.3d 1511, 1522 (10th Cir. 1995) (holding that the University of California's Board of Regents is shielded from suit under the Eleventh Amendment); *Hensel v. Office of Chief Admin. Hearing Officer*, 38 F.3d 505, 508 (10th Cir. 1994) ("[U]nder Oklahoma law, the Board of Regents of the University is an arm of the state . . . ."); *Hartman v. Regents of Univ. of Colo.*, 22 P.3d 524, 528 (Colo. Ct. App. 2000) (holding that the University of Colorado is an arm of the state for purposes of sovereign immunity). Moreover, nothing in the record indicates that the Board waived its immunity or that Congress has abrogated it.[1] As a result, we affirm the District Court's dismissal of the Plaintiff's suit against the University of Colorado's Board of Regents.

---

[1]We also note that the fact that the Plaintiffs seek injunctive relief has no bearing on the Board's Eleventh Amendment immunity. *See Ex Parte Young*, 209 U.S. 123 (1908); *Edelman v. Jordan*, 415 U.S. 651 (1974) (permitting suits for prospective injunctive relief against individual state officials in their official capacities). The Plaintiffs in this case have not sued any individual Board member, instead naming only the State of Colorado and the Board of Regents of the State of Colorado as defendants. Therefore, because the Eleventh Amendment applies to all suits against the state and arms of the state, regardless of the relief sought, *see Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003), the type of relief sought is not relevant to our analysis in this case. *See id*. ("In the instant case, the plaintiff has directly sued the state and its agencies seeking declaratory and injunctive relief, and Eleventh Amendment immunity squarely applies in these circumstances.").

### III.  CONCLUSION

Because both the State of Colorado and the Board of Regents are entitled to sovereign immunity under the Eleventh Amendment, we AFFIRM the District Court's dismissal of this suit for lack of subject matter jurisdiction.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge