**C.N., et al.**

v.

**WOLF, et al.**

**No. SACV 05–868JVS(MLGX).**

United States District Court,
C.D. California.

Nov. 28, 2005.

Christine P. Sun, Los Angeles, CA, Christopher E. Campbell, Latham & Watkins, Costa Mesa, CA, Collie F. James, IV, Latham & Watkins, Costa Mesa, CA, Hector O. Villagra, James D. Esseks, New York City, for Plaintiffs.

Dennis J. Walsh, Stephan Birrgel, Dennis J. Walsh Law Offices, Encino, CA, for Defendants.

**Proceedings**: (In Chambers) *Order Granting In Part and Denying in Part Defendants' Motion to Dismiss* (Fld 10–14–05)

SELNA, District Judge.

The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling, hereby GRANTS IN PART and DENIES IN PART the Defendants' Motion to Dismiss and rules in accordance with the tentative ruling as follows:

## I. BACKGROUND

Defendants Garden Grove Unified School District ("District"), and individuals Ben Wolf ("Wolf"), Laura Schwalm ("Schwalm"), Gary Lewis ("Lewis"), Linda Reed ("Reed"), Lan Quoc Nguyen ("L.Nguyen"), Trung Nguyen ("T.Nguyen"), Kimoanh Nguyen–Lam ("Nguyen–Lam") (collectively "Individual Defendants"), move to dismiss the complaint of Plaintiffs C.N., by and through her next friend and mother, Crystal Chhun, and the Gay–Straight Alliance Network ("GSA Network") (collectively "Plaintiffs"), pursuant to Fed.R.Civ.P. 12. With respect to the federal claims asserted against them, Defendants move to dismiss on the grounds that the District and the Individual Defendants sued in their official capacities are entitled to 11th Amendment immunity and the Individual Defendants sued in their personal capacities are entitled to qualified immunity. With respect to the state law claims asserted against them, Defendants contend that the District and the Individual Defendants are entitled to 11th Amendment immunity based on claims asserted against them in their official capacities, and that the Individual Defendants are immune from liability for engaging in discretionary actions based on the claims asserted against them in their personal capacities. Further, Defendants contend that Plaintiffs fail to state a claim for punitive damages pursuant to Government Code § 818.

C.N. is a 17 year old high school student who currently attends Santiago High School ("Santiago High") in the District. (Complaint, ¶ 1.) C.N. contends that during the past year Principal Wolf has punished C.N. because she is openly gay on campus. (*Id.*, ¶ 2.) C.N. contends that the "acts by Principal Wolf include suspending [C.N.] for hugging and affectionately kissing her girlfriend while ignoring similar behavior

by heterosexual students and bluntly revealing [C.N.'s] sexual orientation to her parents without [C.N.'s] permission or prior knowledge." (*Id.*) Further, C.N. contends that Principal Wolf told C.N. that either C.N. or her girlfriend had to leave Santiago High, and that as a result C.N. finished her junior year at Bolsa Grande High School. (*Id.*)

C.N. additionally contends that neither Santiago High nor the District has a written policy forbidding or specifying inappropriate public displays of affection or has provided its administrators and staff with proper, nondiscriminatory guidelines for disciplining students for inappropriate public displays of affection. (*Id.*, ¶ 9.)

C.N. has sued for injunctive and declaratory relief and damages.

## II. *LEGAL STANDARD*

A motion to dismiss will not be granted unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In resolving a Rule 12(b)(6) motion, the Court must construe the Complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the Complaint. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998).

## III. *DISCUSSION*

### A. *FEDERAL CLAIMS*

Plaintiffs' Complaint alleges that Defendants' actions are prohibited by 42 U.S.C. § 1983 and the First, Fourth, Ninth and Fourteenth Amendments to the U.S. Constitution.

Specifically, Plaintiffs' first claim for relief under 42 U.S.C. § 1983 is based on an

alleged equal protection violation under U.S. Constitutional Amendment XIV. Plaintiffs' second claim for relief under 42 U.S.C. § 1983 is based on an alleged freedom of expression violation under U.S. Constitutional Amendment I. Plaintiffs' third claim for relief under 42 U.S.C. § 1983 is for an alleged violation of privacy under U.S. Constitution Amendments I, IV, IX, and XIV.

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (internal citations omitted).

In addition, "actions against one of the United States encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the University of California v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997).

### 1. *The District*

■ In *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 251 (9th Cir. 1992), the court held that a California school district was a state agency for purposes of the Eleventh Amendment. The *Belanger* court's conclusion rested on a number of significant facts; California school districts have budgets that are controlled and funded by the state government rather than local districts, California law treats public schooling as a statewide or central government function, and Cali-

fornia school districts can sue and be sued in their own name. (*Id.* at 251–54.) *See also Doe v. Petaluma City School Dist.,* 830 F.Supp. 1560, 1577 (N.D.Cal.1993) ("California School districts are arms of the state for purposes of Eleventh Amendment immunity and are therefore immune from liability under section 1983"). The Court finds the *Belanger* court's conclusion persuasive.

The Court finds that the District is an arm of the state for purposes of Eleventh Amendment immunity.

Hence the Court grants the motion to dismiss based on Eleventh Amendment immunity for all of Plaintiffs' federal claims against the District.

As discussed in depth below, since the Supreme Court's decision in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), courts have recognized an exception to Eleventh Amendment immunity for suits for prospective and injunctive relief against state *officers,* sued in their official capacities. "The *Young* doctrine is premised on the fiction that such a suit is not an action against a 'State' and is therefore not subject to the sovereign immunity bar." *Agua Caliente Band of Cahuilla Indians v. Hardin,* 223 F.3d 1041, 1045 (9th Cir.2000); *See also Dawavendewa v. Salt River Project Agr. Imp. and Power Dist.,* 276 F.3d 1150 (9th Cir. 2002) (holding that the *Young* doctrine "created an oft-recognized legal fiction that injunctive relief against state officials acting in their official capacity does not run against the State"); *Murray v. State of Colorado,* 149 Fed.Appx. 772, 775 n. 2, 2005 WL 2136648 at *2 n. 1 (10th Cir.2005) (holding that the Eleventh Amendment applies to all suits against the state and arms of the state, regardless of the relief sought). Hence the Court finds that the *Young* doctrine does not apply to claims against the State itself for injunctive or declaratory relief, and hence that an action

may not be maintained against the State, or in this case the District, an agency of the State, for either damages or injunctive and declaratory relief.

### 2. *Individual Defendants Sued in their Official Capacities*

■ "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (*Will,* 491 U.S. at 71, 109 S.Ct. 2304; internal citations omitted.) However, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." (*Id.,* at 71 n. 10; internal citations omitted.)

In this case Plaintiffs seek injunctive and declaratory relief from all Individual Defendants in their official capacities. (Complaint, ¶¶ 90–96.) Hence, the Individual Defendants are "persons" under § 1983, and Plaintiffs' federal claims for injunctive and declaratory relief against those Defendants, in their official capacities, are not barred by the Eleventh Amendment. Therefore, the Court grants the motion to dismiss against the Individual Defendants based on claims for monetary damages only.

In their reply brief Defendants contend that since the First, Second and Third Claims for Relief do not specifically seek injunctive relief, those claims are vague and ambiguous. (Reply, p. 5.) However, the Court finds that Plaintiffs' prayer for relief is a sufficiently definite request for relief.

### 3. *Individual Defendants Sued in their Personal Capacities*

Suits against state officials in their individual or personal, rather than official ca-

pacities, are not barred by the Eleventh Amendment. *Price v. Akaka,* 928 F.2d 824, 828 (9th Cir.1990). However, the doctrine of qualified immunity protects "government officials performing discretionary functions ... from liability for *civil damages* insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (emphasis provided). Further, the doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law .... [If] officers of reasonable competence could disagree on th[e] issue [of whether a chosen course of action is constitutional], immunity should be recognized." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

In determining whether an official is entitled to qualified immunity the Court makes a multi-step inquiry. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). First, the Court must ask if, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" (*Id.*) If the answer is yes, the Court must next ask "whether the right was clearly established." (*Id.*) If yes, the the Court must ask if there was an objectively reasonable basis for the official to believe that his or her conduct was lawful. *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). If the answer to that question is yes, a state official is entitled to qualified immunity.

Based on the allegations contained in the Complaint, the Court finds that the Individual Defendants are not entitled to qualified immunity at this point in the proceedings. With respect to the *Saucier* inquiry, the Court finds that the Complaint implicates C.N.'s Constitutional rights to equal protection, freedom of expression, and privacy, that these are clearly established rights, and that there is no basis for assessing the objective reasonableness of the conduct.

#### a. *Baird, Lewis and Schwalm*

■ Defendants contend that with respect to defendants Assistant Superintendents Baird, and Lewis and Superintendent Schwalm, Plaintiffs fail to state a claim upon which relief can be granted. (Mot., p. 13.) Defendants claim, "[t]here are no charging allegations against these defendants or facts demonstrating any wrongdoing by these individuals." (*Id.*)

However, as Plaintiffs point out, Baird, Lewis and Schwalm may be liable in their personal capacities for unconstitutional acts committed by another if they directed those acts or failed to take steps to remedy them. For instance, in *Larez v. City of Los Angeles,* 946 F.2d 630, 646 (9th Cir. 1991) the court held that "[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." (Internal citation and quotation marks omitted.)

Plaintiffs allege that C.N. complained to Schwalm about the allegedly unequal treatment that she received at Santiago High, and that neither Schwalm, Baird, nor Lewis took action to stop or remedy the alleged harassment and discrimination. (Complaint, ¶ 35.) Plaintiffs further allege that Baird, Lewis and Schwalm failed to enact an "adequate formal or informal policy to ensure that Santiago High is providing a learning environment free from dis-

crimination," as required by California Education Code § 260. (*Id.*)

The Court finds that Plaintiffs have sufficiently alleged that these Defendants contributed to the alleged violations of C.N.'s constitutional rights and failed to take appropriate steps to prevent the alleged violations. Hence the Court finds that Plaintiffs have sufficiently stated a claim against Baird, Lewis and Schwalm.

#### b. *Wolf*

█ Further, Defendants contend that Wolf, "is qualifiedly immune because, at all times, he performed discretionary functions and the conduct attributed to him is not prohibited by federal law, constitutional or otherwise." (Mot., p. 14.) Defendants further claim that C.N. "was not singled out as heterosexual couples were also asked to cease certain disruptive behavior." (*Id.*)

However, as Plaintiffs point out, the Complaint states that C.N. and her girlfriend were disciplined for expressing affection towards each other on campus, where no rule existed prohibiting displays of affection, and where similar behavior by heterosexual couples was not subject to discipline. (Complaint, ¶ 19–32.) Further, the Complaint alleges that Wolf violated C.N.'s constitutional rights, for instance when he disclosed C.N.'s sexual orientation to her mother without prior discussion with C.N. (*Id.*, ¶ 22.) Moreover, the Complaint alleges that Wolf violated C.N.'s First Amendment rights to free expression when he allegedly threatened to expel her and to have her arrested and her personal computer confiscated for an off-campus blog entry. (*Id.*, ¶ 28.)

The Court finds that Plaintiffs have sufficiently alleged disparate treatment of C.N. on the basis of her sexual orientation. Plaintiffs have alleged that C.N. was disciplined for expressive conduct that is not similarly punished when engaged in by heterosexual students. Hence the Complaint alleges discriminatory treatment regarding a clearly established constitutional right, and Wolf is not entitled to qualified immunity.

#### B. *STATE LAW CLAIMS*

█ Plaintiffs' Complaint alleges that Defendants' actions are prohibited by the California Constitution, the California Education Code and the Unruh Civil Rights Acts.

Specifically, Plaintiffs' fourth claim for relief is for a violation of Equal Protection rights under the California Constitution Art. I, §§ 3(b)(4), 7(a) and (b), and Art. IV, § 16(a). Plaintiffs' fifth claim for relief is for a violation of the Freedom of Expression under the California Constitution Art. I, § 2. Plaintiffs' sixth claim for relief is for a violation of the Right to Privacy under California Constitution Art. I, § 1. Plaintiffs' seventh claim for relief is based on an alleged violation of California Education Code §§ 200, 201, 220. Plaintiffs' eighth claim for relief is based on the Unruh Civil Rights Acts in California Civil Code §§ 51, 52(a). Plaintiffs' ninth claim for relief is for declaratory relief.

As stated above the "eleventh amendment bars citizen suits against states, institutional arms of the state, and state officials in their official capacity when the relief sought is *retrospective* in nature, i.e. damages." *Ulaleo v. Paty,* 902 F.2d 1395, 1398 (1990) (emphasis in original). "Further, if the relief sought is *prospective* relief against a state official, i.e. injunctions, the relief is allowable." (*Id;* italics in original)

At the outset the Court notes that any state law claims against the District, a state agency, are barred by the Eleventh Amendment. *Hall v. State of Hawaii,* 791 F.2d 759, 761 (9th Cir.1986) ("Absent a state's unequivocal consent, the Eleventh

Amendment bars a federal court from entertaining a suit against th[e] state, or one of its agencies or departments, based on state law."). *See also Partington v. Gedan,* 961 F.2d 852, 865 (9th Cir.1992).

Defendants contend that all of Plaintiffs' state law claims for relief are *retrospective* in nature because the alleged violations occurred in the past and Plaintiffs seek monetary damages for those violations. (Mot., p. 15.) Further, Defendants aver that "[e]ven plaintiffs' claim for declaratory relief is retrospective because plaintiffs seek a declaration for conduct that has already occurred." (*Id.*)

However, Plaintiffs contend, and the Court agrees, that Plaintiffs seek prospective, injunctive relief for their state law claims as well as damages. For instance, the Complaint asks the Court to issue an injunction prohibiting Defendants from a) "discriminating and harassing plaintiffs on the basis of actual or perceived sexual orientation," (Complaint, ¶ 91); b) "selectively enforcing disciplinary rules," (*id,* ¶ 92); c) engaging in "viewpoint based censorship," (*id.,* ¶ 93); and d) "disclosing sexual orientation or other private information." (*Id.,* ¶ 94.)

Further, the Court finds that despite Defendants contentions to the contrary, Plaintiffs have sufficiently alleged that they reasonably fear future constitutional violations. For instance Plaintiffs allege that Defendants refuse to admit any wrongdoing. (*Id.,* ¶ 88.) C.N. is now a student at Santiago High School and claims that she fears that Defendants will continue to selectively discipline and censor her because she is a lesbian. (*Id.,* ¶¶ 32, 55, 62, 69, 77, 85.) Significantly, Plaintiffs allege that Defendants' actions continue to harm student members of the GSA Network and the ability of the GSA Network to achieve its organizational purposes. (*Id,* ¶¶ 58, 65, 72, 80.)

Plaintiffs' state law claims for declaratory and injunctive relief against the Individual Defendants may proceed because they allege a reasonable future fear of constitutional violations. Therefore the Court will not dismiss on the grounds that all of Plaintiffs' state law claims are retrospective in nature. The Court dismisses only Plaintiffs' state law claims for damages against Individual Defendants based on Eleventh Amendment Immunity.

### 1. California Government Code § 815.2(b)

California Government Code § 815.2(b) states, "a public entity is not liable for an injury resulting from an act or omission of any employee of the public entity where the employee is immune from liability."

Defendants assert that the Individual Defendants are immune from liability for their discretionary acts, and therefore the District is also immune from liability.

The Court has found that the District is immune from liability based on the Eleventh Amendment, and hence the Court need not address this argument.

### 2. California Government Code §§ 820 et seq.

California Government Code § 820.2 states, "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Defendants contend that the actions taken by Wolf and the District were discretionary acts. (Mot., p. 18.) Defendants aver that Wolf and the District "exercised their judgment and choice as to what was just and proper under the circumstances." (*Id.*) Defendants further assert that at a minimum, immunity should be granted to Defendants Baird, Lewis, Schwalm and to

the individual board defendants. (*Id.*, p. 19.)

"[G]overnmental immunity for liability for discretionary acts performed by public officers and employees in the exercise of their discretion has long been recognized in this state by judicial interpretation and is based on salutary public policy." *Burgdorf v. Funder*, 246 Cal.App.2d 443, 448, 54 Cal.Rptr. 805 (1966). Moreover, "a discretionary act is one which requires the exercise of judgment or choice. Discretion has also been defined as meaning equitable decision of what is just and proper under the circumstances." (*Id.* at 449, 54 Cal. Rptr. 805; *see also Nicole M. v. Martinez Unified School Dist.*, 964 F.Supp. 1369, 1389 (N.D.Cal.1997).)

In *Nicole M.*, the court held that "decisions by a school principal or superintendent to impose discipline on students and conduct investigations or complaints necessarily require the exercise of judgment or choice, and accordingly are discretionary, rather than ministerial, acts." (*Id.* at 1390.) Hence the *Nicole M.* court found that pursuant to Section 820 *et seq.*, the school principal and superintendent were not liable.

In *Massey v. Banning Unified Sch. District*, 256 F.Supp.2d 1090, 1097 (C.D.Cal. 2003) the court distinguished *Nicole M.*, holding that in *Nicole M.*, the "court found that a principal was immunized from liability for his allegedly inadequate handling of another student's discrimination against the plaintiff," whereas in the case before the *Massey* court, "the Defendants have discriminated against Plaintiff, not merely been ineffective in preventing the discrimination of others." The same distinction is true in this case.

In addition, in *Massey*, the Court held that defendants were not entitled to discretionary acts immunity under section 820.2 because defendants acts were not discretionary. (*Id.*) The *Massey* court's

ruling was based on a finding that the defendants themselves discriminated against the plaintiff, and were not merely ineffective in preventing the discrimination of others. (*Id.*) There plaintiff student was barred from gym class after revealing that she was gay. (*Id.* at 1091.) The same reasoning applies in the instant action.

Further, "[i]mmunity is reserved for those basic policy decisions [which have] ... been [expressly] committed to coordinate branches of government." *Caldwell v. Montoya*, 10 Cal.4th 972, 981, 42 Cal. Rptr.2d 842, 897 P.2d 1320 (1995) (internal citation omitted). The *Caldwell* court continued that "[s]uch areas of quasi-legislative policy-making ... are sufficiently sensitive to call for judicial abstention from interference that might even in the first instance affect the coordinate body's decision making process." (*Id*; internal citation and quotation marks omitted.)

Moreover, "not all acts requiring a public employee to choose among alternatives entail the use of 'discretion' within the meaning of section 820.2." *Barner v. Leeds*, 24 Cal.4th 676, 684–85, 102 Cal. Rptr.2d 97, 13 P.3d 704 (2000). Specifically, "there is no basis for immunizing lower level decisions that merely implement a basic policy already formulated." (*Id.* at 685, 102 Cal.Rptr.2d 97, 13 P.3d 704.) Here Plaintiffs argue that the proper basis of school discipline are not discretionary because the policy has already been formulated under California Education Code § 48900, which exhaustively sets forth the grounds upon which a student may be suspended or expelled.

Plaintiffs contend that Defendants merely implemented the policy in a discriminatory manner against C.N. in violation of her constitutional and statutory rights. (Opp'n, p. 15.) Plaintiffs further contend that Defendants failed to implement non-discriminatory policies established by the

California Legislature and the State Board of Education. (*Id.*) Plaintiffs therefore aver that Wolf's discipline of C.N., and the other Individual Defendants' direction of, or failure to prevent, that discipline does not implicate "fundamental policy concerns" under *Caldwell*, and hence Individual Defendants are not entitled to qualified immunity.

The Court finds that Plaintiffs have alleged sufficient facts to demonstrate, at least at the pleading stage, that the Individual Defendants actions are not discretionary, and do not fall within section 820.2. Hence the Court will not grant the Individual Defendants qualified immunity on this basis at this point in the proceedings. However, as stated above, the Court finds that the District is immune from liability under the Eleventh Amendment.

## C. *SIXTH CLAIM FOR RELIEF*

■ Defendants contend that Plaintiffs' sixth claim for relief based on an alleged violation of C.N.'s right to privacy under California Constitution Art. I, § 1 should be dismissed for failure to state a claim.

"To state a cause of action for invasion of privacy, a plaintiff must allege: (1) a legally protected privacy interest, (2) a reasonable expectation of privacy, (3) a serious invasion of the privacy interest." *Hill v. Nat'l Collegiate Athletic Ass'n,* 7 Cal.4th 1, 40, 26 Cal.Rptr.2d 834, 865 P.2d 633 (1994).

Further, "[l]egally recognized privacy interests and generally of two classes: (1) interests in precluding the dissemination or misuse of sensitive and confidential information; and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference." (*Id.*)

Defendants claim that C.N. does not have a legally-protectable privacy interest because she is openly gay at school. (Mot., p. 20.) Specifically, Defendants assert that C.N.'s "conduct is not private and a reasonable person could not expect that their actions on school grounds, in front of everyone else on the school grounds, would remain private." (*Id.*)

C.N. satisfies the first prong of the *Hill* test, she has sufficiently alleged that she has a legally protected privacy interest in information about her sexual orientation. With respect to the second prong of the *Hill* test, Plaintiffs contend, and the Court agrees, that C.N. has alleged a reasonable expectation of privacy, because "[t]he fact that an event is not wholly private does not mean that an individual has no interest in limiting disclosure or dissemination of information." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 770, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). Finally, with respect to the third prong of the *Hill* test, the Court finds that C.N. has alleged a serious invasion of her privacy interest by Wolf when he disclosed her sexual orientation to her mother.

Hence the Court will not dismiss Plaintiffs' sixth claim for relief as it applies to the Individual Defendants.

## D. *SEVENTH CLAIM FOR RELIEF*

■ Defendants contend that Plaintiffs' seventh claim for relief under California Education Code §§ 200, 201, and 220 must be dismissed because they do not provide a private right of action. Defendants rely on *Nicole M* for this proposition.

In *Nicole M,* the court found that these sections do not provide a private right of action, because in that case, plaintiff had a private right of action under Title IX, section 1983 and the Unruh Civil Rights Act. (964 F.Supp. at 1390.) As Defendants point out, here Plaintiffs have a private right of action under section 1983 and the Unruh Civil Rights Act.

However, the California Education Code § 262.4 explicitly states that sections 200,

201, and 220 "may be enforced through a civil action." *See also Gay–Straight Alliance Network v. Visalia Unified Sch. Dist.*, 262 F.Supp.2d 1088, 1111 (E.D.Cal. 2001.) Further, *Nicole M.*, was decided before the enactment of section 262.5 in 1998.

Hence the Court finds that there is a private right of action under sections 200, 201, and 220, and will not dismiss Plaintiffs' seventh claim for relief as it applies to the Individual Defendants.

### E. *PUNITIVE DAMAGES*

Defendants argue that Plaintiffs cannot seek punitive damages against the District, a public entity.

■ California Government Code § 818 states, "[n]ot withstanding any other provision of law, a public entity is not liable for damages awarded under § 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." Further, a "public entity cannot be sued under Section 1983 as matter of law for punitive damages." *Gay–Straight Alliance Network*, 262 F.Supp.2d at 1110–1111. Additionally, "[f]or state civil rights claims, the standard for punitive damages is the same for claims brought under Section 1983." (*Id.* at 1111.)

Plaintiffs "acknowledge that public entities cannot be sued for punitive damages under § 1983 or the Education Code." (Opp'n, p. 20.) In addition, as stated above, the Court finds that the District is immune from liability, including liability for punitive damages, based on the Eleventh Amendment. However, as Plaintiffs point out, Plaintiffs seek punitive damages against the Individual Defendants in their personal capacities. (Complaint, ¶ 98.) The Court finds that such claims are not barred and will not dismiss such claims at this time.

### IV. *CONCLUSION*

For the foregoing reasons, the motion is granted in part and denied in part.